Mr. Justice SHAFTER expressed no opinion.

---

## MARY POLACK *v.* PETER McGRATH AND JAMES F. DONLEN.

FORCIBLE ENTRY OR UNLAWFUL DETAINER.—P. had possession of a lot of land by having it inclosed with a fence, but did not reside on it, nor have a house on it. M. and D. entered into possession, and built a house on the premises and moved into it. Five days afterwards, an agent of P. went to the premises and told M. and D. that he had come there to take possession for P.   They replied that it would be very foolish to give up the lots after making improvements on them ; that they would not leave, and that it would take a pretty good force to put them off; that they had paid their money for the lots, and they would be d——d if they would leave.   To another agent of P., M. and D. used substantially the same language.  *Held,* that this did not amount to a forcible entry or unlawful detainer, and that the evidence was insufficient to authorize P. to maintain the action, and that the Court should have granted a nonsuit; *held,* further, that such acts amounted merely to a trespass and ouster of P., for which ejectment was the proper remedy.

APPEAL from the County Court, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*E. A. Lawrence,* for Appellants.

The Court clearly erred in refusing the nonsuit, for the following reasons :

Plaintiff had not shown an *actual possession* in herself.

(Forcible Entry Act, section 9.)    The counterpart in the present case is *Frazier* v. *Hanlon*, 5 Cal. 156–160.    This case is affirmed in *House* v. *Keiser*, 8 Cal. 499; *Cummings* v. *Scott*, 20 Cal. 84; 23 Cal. 526; *Dickinson* v. *Maguire*, 9 Cal. 46; *Scarlet* v. *Lamarque*, 5 Cal. 63; *Moore* v. *Goslin*, 5 Cal. 266.

The fence alone did not constitute possession.    (*Hutton* v. *Schumaker*, 21 Cal. 453.)

Plaintiff has not shown a forcible entry made by defendants. The complaint alleges a forcible entry as the *gravamen* of the charge.    *Unlawful holding* is not alleged as a substantive cause of action, but merely as a continuation or consequence.    The complaint was the same in *Preston* v. *Kehoe*, 15 Cal. 318 where it is held that force being alleged must be proved, and will not be inferred from mere refusal to deliver possession. The same was also held in *Frazier* v. *Hanlon*, on petition for rehearing, 5 Cal. 159, 160.

*Spencer, Reichert & Jarboe*, for Respondent.

The Court properly refused the nonsuit, if there was any evidence tending to prove the case.    (*Cravens* v. *Dewey*, 13 Cal. 42.)

The Court, although it will review proceedings by the Court below so far as to reverse a judgment for errors in law occurring at the trial, or for erroneous instructions, will not set aside a judgment and verdict given upon conflicting evidence, nor reverse a decision of the Court below denying a motion for new trial when there has been a conflict of testimony.

The decisions of this Court upon this subject are uniform. The discretionary power of the Court below will not be interfered with, unless it appears that there has been a great abuse of that power.    Now, there was a conflict of testimony upon every point raised in the case, and upon this conflicting testimony the jury found for plaintiff, and the Judge refused to review the action of the jury for that reason.    (*Peters* v. *Foss et al.*, 16 Cal. 357; *McCloud* v. *O'Neall*, 16 Cal. 397.)    See,

also, *Burnett* v. *Whitesides et al.*, 15 Cal. 36, where the Court say : " Where the verdict is supported by any evidence we will not interfere with the order of the Court refusing. a new trial, unless we are convinced there was an abuse of the legal discretion of the Court." (See, also, *Walton* v. *Maguire*, 17 Cal. 92.)

The ruling of the Court upon this point, we think, disposes of one ground of defendant's motion for new trial and of appeal.

By the Court, CURREY, J.

The plaintiff brought her action of forcible entry and detainer against the defendants to obtain the restitution of a certain parcel of land in San Francisco, and for the recovery of damages for the alleged forcible and unlawful entry upon the land, and the forcible and unlawful detention thereof. The plaintiff alleges in her complaint that at and for a long time before the defendants entered, she was and had been in the actual, peaceable, and quiet possession of the land, and was still entitled to the possession thereof; and that while she was so in the possession of the same land, the defendants, on a day named, " with force and arms, and with strong hands and multitude of people, unlawfully and forcibly entered on said described premises, and with force and violence put out and expelled said plaintiff therefrom, and took possession of the same ; and that said defendants have ever since forcibly and unlawfully detained, and still do forcibly and unlawfully detain possession of said premises from this plaintiff, to her damage, etc."

The defendants meet the averments of the complaint by a specific denial, and affirmatively allege, that " they have the legal right to the present possession of said premises, and are the owners thereof."

Testimony was introduced on the trial in the County Court, going to establish the possession of the premises by the plaintiff for a long time anterior to and also when the defendants

entered thereon.    But she did not have a house on the premises, nor reside thereon ; nor did she otherwise have the actual possession than by a fence that formed a complete inclosure of the same.    The evidence showed that the defendants entered within this inclosure on or about the 24th of October, 1862, and were there in possession from thence to the time of the trial of the action.

On the 29th of the same month, the agent of the plaintiff went to the premises and told the defendants that he had come there to take possession for the plaintiff; and he testified that Donlen said " it would be very foolish to give up the lots after his making improvements on them ;" and referring to both defendants, he also testified that " they said they would not leave the lots, and it would take a pretty good force to put them off; they had paid their money for the lots, and they would be damned if they would leave ;    *    *    all this was said in good humor ; I saw no weapons."    The defendants were shovelling sand at the time ; and the witness was unable to obtain possession of the premises.

Another witness testified that between the 24th and 30th of October, he had demanded possession of the premises for plaintiff, from McGrath, who said he had bought the lot and paid for it, and did not intend to leave it; and then, speaking of the two defendants, he said : " They were annoyed and angry, and I was unable to obtain possession."

Von Schmidt, who was a witness for plaintiff, testified that there was no house on the premises until the 24th of October, 1862 ; that at that time he saw the defendants engaged in passing lumber through the fence, and that this was done peaceably.

This was all the evidence touching the question of a forcible entry or a forcible or unlawful detainer.

When the plaintiff had rested her case, the defendants moved the Court to order the plaintiff nonsuited on the grounds, viz :

" First—Plaintiff has not shown a sufficient possession to maintain this action.

8

" Second—Plaintiff has not shown an unlawful entry by defendants.

" Third—Insufficiency of proof to maintain this action."

The Court denied the motion, and the defendants excepted.

The defendants then introduced evidence which they claimed justified their possession of the premises, and afterward the cause was submitted to the jury, who rendered a verdict for plaintiff. A motion was made for a new trial, which was denied, and this appeal is from the judgment entered on the verdict, and from the order denying a new trial.

The point to be resolved is, whether the evidence in the case sustained the allegations of the complaint of the forcible entry of the defendants into the premises, and the unlawful detainer thereof by them.

Assuming that the plaintiff had the actual possession of the premises as the owner of the same when the defendants entered thereon and ousted her, it is to be ascertained whether the remedy sought is the proper one for the injury sustained. The law has provided various remedies for the recovery of the possession of lands to which one may be entitled, and of which he may have been tortiously or wrongfully deprived. He may be entitled to maintain ejectment, or an action of forcible entry and detainer, but he cannot maintain the latter unless the facts and circumstances of the case bring it within the provisions of the Act providing the remedy for that species of wrong. In this case the complaint, which is well drawn, is for a forcible entry and a forcible and unlawful detainer.

It is laid down in Bacon's Abridgment, that " a forcible entry must regularly be with a strong hand, with unusual weapons, or with menace of life or limb ;" and Sir William Blackstone's definition is, that a forcible entry or detainer is committed by violently taking or keeping possession of lands or tenements with menaces, force, and arms, and without the authority of law. (4 Black. Com. 148.)

The evidence in the case failed to establish the allegations of the complaint. The most that the acts of entry and detainer of the defendants upon the premises amounted to

was a trespass and ouster of the plaintiff, for which she may have, if she have the better right, her action of ejectment.

It would not be sufficient to charge the defendants with having entered *vi et armis;* and the words "with strong hand" mean something more than a common trespass. (Per Lord Kenyon, C. J., in *Rex* v. *Wilson,* 8 T. R. 357.)

If there was any evidence showing that the entry of the defendants was forcible, or with strong hand, or with multitude of people, or if it appeared therefrom that they detained the premises by force, or uttered threats calculated to deter the plaintiff or her agents from entering upon the land, we should not disturb the verdict and judgment. We think the Court ought to have granted the nonsuit upon the evidence as it stood when the motion therefor was made; and this error was not cured by any evidence subsequently given in the cause.

The judgment is reversed and the cause remanded.

Mr. Justice SHAFTER expressed no opinion.