JAMES MULHOLLAND, Appellant, v. JULIUS RAPP, Respondent.

1. *Practice, civil — Pleadings — Demurrer — Partnership.*— A petition which treats defendant as a partner and prays for equitable relief, but sets out a contract which shows that no partnership existed, is demurrable.
2. *Practice, civil — Pleadings — Demurrer — Misjoinder.*—The statute authorizing demurrer for improper joinder of causes of action does not apply to the manner of the joinder — i. e., to the improper commingling in one count of matters that might be properly united in a petition by different counts— but to the substantial error of uniting, whether in one or different counts, matters that cannot be united at all.

*Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day*, for appellant.

*R. E. Rombauer*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The petition set forth that the plaintiff received the privilege from the Pacific Railroad Company of using one of its stone quarries; that he entered into a written agreement with defendant, which he sets out, the effect of which was to lease the quarry to defendant for an indefinite period. The defendant was to work the same for his own benefit, but in consideration of the transfer he was to employ the plaintiff as foreman, and for his sole wages

Mulholland v. Rapp.

was to pay him one-half of the net profits of the quarry. The agreement is long, and provides among other things that defendant shall keep books so as to show the profits, and shall render monthly statements to plaintiff. The petition states that defendant took possession and worked the quarry, the plaintiff acting as foreman, and charges that he made large profits, but failed to keep correct books and make correct statements, but kept false books and refused to pay the plaintiff the share of the profits due him. The petition is long and prolix, abounding in unnecessary details and in matters wholly irrelevant, and the relief sought is equitable in its nature. The plaintiff treats the defendant as a partner, which the contract shows him not to be, and asks for an account, an injunction, the appointment of a receiver, etc. A temporary injunction was allowed, which was afterwards dissolved, and defendant demurred to the petition generally, and because of the improper union of causes of action. The demurrer was sustained, judgment was entered upon it, and the plaintiff appeals.

The petition is demurrable for the reasons named. It was framed in view only of equitable relief, and no other is sought; but the facts set out do not warrant such relief. The parties were not partners; there is a written contract which the defendant is charged to have violated, and upon which he is holden; and possession of the premises, under the facts stated, could have been obtained in an action for unlawful detainer. There were complete remedies by ordinary suit; there is no ground for equitable relief, and hence the petition did not state facts sufficient to constitute the cause of action instituted.

I have examined the petition to see whether a good one could be gleaned from it, but it is hardly possible without changes; and besides, we are met with the second ground of demurrer, to-wit: improper joinder. Even if a good petition could be extracted from the mass of averments, it would be improperly united with other matters; and where there is an improper joinder of causes of action, the statute makes it a ground of demurrer. This provision of the statute does not apply to the manner of the joinder — i. e., to the improper commingling in one count of matters that might be properly united in a petition by different counts —

but to the substantial error of uniting, whether in one or different counts, matters that cannot be united at all. The former error violates a rule of pleading, and should be met by motion, while the latter may be reached by demurrer.

The other judges concurring, the judgment will be affirmed.