[No. 13868.   Department One. — March 2, 1891.]

DANIEL J. HAWTHORNE ET AL., RESPONDENTS, v. NATHAN SIEGEL ET AL., APPELLANTS.

| 88 | 159 |
| 121 | 159 |

| 88 | 159 |
| 139 | 36 |

| 88 | 159 |
| 148 | 377 |

TRESPASS — COMPELLING TENANTS TO VACATE — CHANGE IN CONSTRUCTION OF PREMISES — MEASURE OF DAMAGES. — The measure of damages recoverable for a trespass upon leased premises, and forcibly changing the construction thereof, by which the tenants were compelled to abandon their place of business and to vacate the premises, is the amount which will compensate them for all the detriment proximately caused thereby, whether it could have been anticipated or not.

ID. — LOSS OF WATER PRIVILEGE. — The loss of a water privilege which the tenants had acquired for the purposes of their business, and which

the trespass of the defendant caused them to abandon, is an injury proximately caused by the trespass, for which they should be compensated.

ID. — COMPENSATION FOR LOSS OF LEASEHOLD INTEREST. — The tenants are entitled to be compensated for the amount of any loss occasioned by their being compelled to abandon the leased premises, in respect to the value of their leasehold interest for the unexpired term, and the value of any advantages constituting a part of or directly growing out of the leasehold interest, and such damages are not in their nature remote or speculative.

ID. — EVIDENCE OF VALUE OF LEASEHOLD. — A question put to one of the tenants as to what the leasehold was worth to them, if erroneous, is harmless, if the answer plainly indicates that the value of which he testified was the market value.

ID. — EXPENSES OF REMOVAL — LOSS OF IMPROVEMENTS. — In estimating the damages done to the lessees, it is proper for the jury to consider evidence concerning the expenses of the enforced removal of the lessees from the premises to another place of business, and also evidence regarding any damage which might result from their being deprived of the use of improvements abandoned by them.

ID. — PROXIMATE CAUSE OF LOSS — INTERVENING AGENCIES. — That which is the actual cause of the loss, whether operating directly, or by putting intervening agencies, the operation of which could not be reasonably avoided, in motion, by which the loss is produced, is the proximate cause to which the loss should be attributed.

ID. — DAMAGES SUBSEQUENTLY ACCRUING. — Damages which accrue subsequent to the tort, but of which it is the primary cause, are not separate causes of action, but are parts of the tort itself, for which the cause of action is given.

ID. — LOSS OF PROFITS OF BUSINESS. — Where an established business is wrongfully injured or destroyed, the owner of the business can recover the damages sustained thereby, and evidence is admissible of the profits actually made.

AMENDMENT TO COMPLAINT — LIMITING DEMURRER. — Where an amendment was made to one paragraph of the complaint during the trial, and previous to the amendment a general demurrer to the complaint had been overruled for want of prosecution, a refusal of the court to consider a demurrer to the amended complaint, except as directed to the amendment allowed to be made, is not error, no reason being shown why the demurrer as filed should have been sustained on any of the grounds alleged therein, and it not appearing that the amended complaint was obnoxious to that demurrer.

ID. — ANSWER TO AMENDMENT. — A refusal of the court to allow an amended answer to be filed except to the portion of the complaint amended, is not error, it not appearing that the answer proposed to be filed differed in any essential effect from the answer on file, except the part answering the amendment, and it appearing that that portion of the proposed answer was filed and considered.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The plaintiffs were partners engaged in the barber and bath-room business, and had leased from one Reynolds, for a term expiring April 26, 1891, the basement of the Nadeau Hotel, on the southeast corner of Spring Street, in the city of Los Angeles. The alterations complained of in the construction of the premises, whereby the plaintiffs were compelled to abandon the basement, were made by the defendant Nathan Siegel, whose store was located at No. 3 Spring Street, directly over the south portion of the basement, who claimed to have authority for the alterations from Mrs. Nadeau, the owner of the hotel. The complaint alleges that by reason of the acts of the defendants, the plaintiffs were compelled to vacate the premises, and in so doing incurred a necessary expense of about $600 in moving their furniture and appurtenances; that it had cost them $2,200 to fit up the basement for their business, that the business had netted them a monthly profit of about $400 per month, and that they had entered into an agreement with one E. Dunham, in the Nadeau Block, to furnish heated water for use in their barber-shop and bath-rooms, during the term of their lease, which agreement was worth to the plaintiff the sum of $725; that by reason of the acts of the defendants they lost this established trade and business, to their damage in the sum of $2,500, and were compelled to abandon permanent improvements made by them at an expense of $965, and to surrender their leasehold interest, which was of the value of $1,500, and prayed judgment for damages in the sum of $6,290. Further facts are stated in the opinion.

*Stephen M. White*, for Appellants.

*C. F. Cronin, Baker & Long, J. O. Koepfli*, and *Will D. Gould*, for Respondents.

Foote, C.—This action was brought to recover damages for trespass alleged to have been committed by the defendants in "breaking and entering" upon the premises held, used, and possessed by the plaintiffs under a lease, and "forcibly and unlawfully altering and changing the construction" of the premises, "by lowering a portion of the ceiling" thereof, "and by closing up and obstructing the windows and gratings thereof through which plaintiff obtained light and air for their said premises."

It was further alleged that these acts of the defendants rendered the premises "totally unfit and useless" for the purposes of their business, which was that of carrying on a barber-shop and bath-room; that they were thereby compelled to vacate the premises, and did vacate them under this compulsion on the third day of September, 1888, the lease not expiring until the 26th of April, 1891.

The damages claimed were, from the loss of the established trade and business of the plaintiffs; from that occasioned by having to abandon a portion of the permanent improvements which they had made on the leased premises; from that resulting from the plaintiffs being compelled to abandon and lose the benefit of their leasehold interest; from that which they suffered by being deprived of the benefit of their agreement with a party who allowed them a hot-water privilege for the use of their barber-shop and bath-room, and by reason of expenses entailed on them in their enforced removal from the premises.

The plaintiffs obtained judgment for five hundred dollars,—a very much less sum than they claimed. From that, and an order denying a new trial, this appeal is taken.

The evidence certainly tended to show that the plaintiffs occupied and used the premises as they claimed,

and that the trespass was committed by the duly authorized agent of the defendant Siegel.

The main argument of the defendant seems to be on the alleged erroneous rulings of the court as to the measure of damages recoverable in the action, in the admission of evidence, and in the instructions upon the matter which it gave, refused, or modified.

In this connection the defendant urges that no damages could be recovered by the plaintiffs for the loss of the hot-water privileges, which they derived from an agreement with E. Dunham, mentioned in the eighth paragraph of the complaint.

If, as we think, the evidence tended to show that the plaintiffs were compelled to abandon their place of business by the trespass of the defendant, then they were entitled to recover whatever "amount will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." (Civ. Code, sec. 3333.)

If the evidence tended to show any detriment suffered by the plaintiffs in losing this hot-water privilege, and the loss thereof was proximately caused by the trespass complained of, the plaintiffs were entitled to be compensated therefor, and it was for the jury, under all the evidence, to say if they were entitled to any compensation, and if so, how much.

The evidence did show that the plaintiffs had such a privilege, and that they paid a certain amount of money therefor, and that it was of beneficial use to them. There is also evidence which tends to show that the cause of their leaving the premises was, that the trespass complained of made their place of business unfit for the purposes for which they had leased, occupied, and possessed it. The trespass caused them to abandon the water privilege; the loss of the water privilege was one of the injuries resulting from this abandonment. This injury, then, was proximately caused by the trespass, and the

plaintiffs were to be compensated therefor. We perceive no error in the eighth instruction given, nor in the evidence offered and admitted in support of the demand.

It is further urged, in behalf of the appellants' contention, that the instruction given by the court is at variance with section 3333 of the Civil Code, and misleading, in that it permits and directs the jury to take into consideration anything, however remote, which might appear to them to indicate "loss or harm." The instruction reads as follows: —

" 9. The jury are instructed that if they believe from the evidence that the plaintiffs had a leasehold interest in the premises in question, and that by reason of the wrongful acts of the defendant, said leasehold interest was rendered wholly or in part worthless to the plaintiffs, or that they were compelled to abandon the same, then the plaintiffs are entitled to such an amount as will compensate them for all loss or harm suffered thereby, taking into consideration the length of time of said lease and the length of time it had been enjoyed by the plaintiffs, and the value of such advantages as they may be satisfied by the evidence were a part of or directly grew out of said leasehold interest, but not including in this item anything for loss of hot-water rights or established trade and business."

Fairly considered, this instruction announces to the jury that the damages recoverable by the plaintiffs for any loss suffered by them which rendered their leasehold interest wholly or in part worthless, occasioned by the wrongful acts of the defendant, must be measured by the whole duration of said lease under the terms thereof, and the length of time it had been enjoyed by them up to the time of the reception of the injury, and by the value of such advantages as accrued to them under the lease, which grew directly out of their interest therein, but not to include anything which resulted from the loss of hot-water rights or established trade or business, and

that these damages must be in such an amount as will compensate them for any such loss.

This did not, in our own judgment, direct the jury to give damages in their nature remote or speculative, but was confined to a verdict for such detriment only as was proximately caused by the wrongful acts of the defendant as affecting loss from the injury done alone to the leasehold interest held by the plaintiffs. And although, perhaps, the instruction is not so perspicuous and clear as it might have been, we see nothing in it misleading, or conflicting with other instructions, which last most clearly kept before the jury the idea that they were to give no damages except such as were the proximate result of the injury done; and this will appear by a glance at the other instructions given.

It is further claimed that the court erred in instructing the jury that in estimating the damages done the plaintiffs they might consider the evidence concerning the expenses of the enforced removal of the plaintiffs from the premises to another place of business, and that regarding any damage which might result from the deprival of the use of improvements abandoned by them.

The defendant contends that these elements of damage were not recoverable. The argument in this connection appears to be, that the plaintiffs could only recover for the benefits which they might have had if the defendants had permitted them to remain at their former place of business untrespassed upon.

But the plaintiffs were not, according to the tendency of their evidence, permitted to remain unmolested, but were driven away by the wrongful acts of the defendants; hence the former were entitled to recover whatever their loss might be, of which the defendant's wrongful acts were the efficient cause.

" The proximate cause is the efficient cause; the one that necessarily sets the other causes in operation." (*Ætna Insurance Co.* v. *Boon*, 95 U. S. 130.)

" That which is the actual cause of the loss, whether operating directly, or by putting intervening agencies, the operation of which could not be reasonably avoided, in motion, by which the loss is produced, is the cause to which such loss should be attributed." (*Brady* v. *Northwestern Ins. Co.*, 11 Mich. 425.)

Here the evidence on behalf of the plaintiffs tended to show that the trespass of the defendant, and his acts in accomplishing it, resulted in the plaintiffs having to leave their place of business, give up their leasehold interest, go to expense in moving their appurtenances, etc., lose the privilege which they had of hot water for baths and barber-shop, and in their having to go to another place of business less favorable or profitable, which entailed loss in their established trade and business, and having to lose the use of abandoned permanent improvements.

The cause which set all the rest in motion was the trespass. The operation of the subsequent agencies of loss was the result of this wrongful injury. Hence they proximately resulted from that trespass. To the first cause, primarily, all the damages resulting are to be attributed, although each item of damage was produced by some separate cause, following the primary cause, and operating more immediately in producing the damages. (*Ætna Insurance Co.* v. *Boon*, 95 U. S. 130; citing *Insurance Co.* v. *Tweed*, 7 Wall. 44.)

Damages which accrue subsequent to the tort, but of which it is the primary cause, are not separate causes of action, but "are parts of the tort itself for which the cause of action is given." (*Wood* v. *Currey*, 57 Cal. 210.)

No error is perceived in the rulings of the trial court as to the instructions just mentioned, or as to the evidence admitted on the points involved therein.

. Further complaint is made because the trial court allowed a question to be put to one of the plaintiffs, as follows: " What is that leasehold worth to you? "

If erroneous because it did not seek for the market value of that interest, it was harmless in view of the answer of the witness, which plainly indicated that the value of which he testified was the market value.

The appellant contends that the court erred in allowing evidence to go to the jury as to the amount of business done by the plaintiffs before and after the alleged trespass. The complaint charged as one of the elements of damage resulting from the trespass that the plaintiffs had lost thereby their established trade and business.

With a view to show what that loss was, we think the evidence was admissible.

" The best-considered cases agree that where an established business is wrongfully injured or destroyed, the owner of the business can recover the damages sustained thereby, and that upon this question evidence of the profits which he was actually making is admissible." (*Lambert* v. *Haskell*, 80 Cal. 619.)

The point is made that the defendant should have been allowed to demur to the amended complaint, and to file an answer thereto.

While the trial was in progress, the plaintiffs asked leave to amend the fifth paragraph of their complaint. The request was granted. The amendment was made, and a copy of it served and filed. A recess was then taken by the court to allow the defendant to plead thereto. Upon the reassembling of the court, the defendant presented, filed, and read a demurrer, which went to other matters besides the amendment filed by the plaintiffs. Previous to this, the defendant had demurred generally to the complaint before amendment, which was overruled for want of " presentation "; we suppose this was intended to read " prosecution."

The court refused to consider the demurrer to the amended complaint except as directed to the amendment allowed to be made, and as to that, overruled the demurrer. The defendant then asked leave to file an answer to the

whole complaint as amended. This the court refused to allow, upon the ground that the only portion of the complaint which had been amended was the fifth paragraph thereof, and that the defendant might file an answer to that. Maintaining his right to answer the whole complaint, and reserving his exception, the defendant answered the fifth paragraph of the complaint.

It is true that "the amendment, together with the original amended complaint, constituted a new complaint, which superseded all other pleadings in the case." (*Thompson* v. *Johnson*, 60 Cal. 295.) But no reason is shown why the demurrer as filed should have been sustained on any of the grounds alleged therein, nor do we perceive that the amended complaint was obnoxious to that demurrer. The defendant was in no worse condition by the refusal of the court to consider anything but the demurrer as applicable to the amendment made to the complaint, than he would have been had the court considered and overruled the demurrer as a whole.

As to the action of the court in refusing to allow the filing of an amended answer except to that portion of the complaint which had not been already answered, it does not appear that the answer proposed to be filed differed in any essential respect from the answer on file, except with reference to that part answering the amendment of the fifth paragraph of the complaint, and that portion of the proposed answer was filed and considered. In the action of the court, therefore, as to these matters, there appears no abuse of discretion.

Perceiving no prejudicial error, we advise that the judgment and order be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.