[No. 19063. Department One. — February 20, 1893.]

## JENNIE M. FRAZIER, RESPONDENT, v. CATHERINE LYNCH ET AL., APPELLANTS.

EJECTMENT — POSSESSION OF DEFENDANT — FAILURE OF PROOF. — In an action to recover possession of land, where the evidence fails to show that the defendant was in possession at the commencement of the action, the plaintiff is not entitled to judgment.

ID. — TRESPASS OF DEFENDANTS — LACK OF POSSESSION — VERDICT AGAINST EVIDENCE. — Where the evidence given in such action on the part of the plaintiff has reference to certain acts done by the defendants on the land a few days before the action was commenced, and tends rather to show a trespass, or a prevention of the plaintiff from going thereon, than an actual possession thereof by the defendants, and it was testified on behalf of the defendants that from that time until the commencement of the action neither of them was in possession, or exercised any control of the land, and there is no evidence of any subsequent act by either of them with reference to the land, or that either of them was in possession of the land at the time of the commencement of the action, or for several days prior thereto, a verdict in favor of the plaintiff will be set aside as not sustained by the evidence.

ID. — INSTRUCTION — PRESUMPTION OF POSSESSION FROM TRESPASS. — An instruction to the jury that if they should find from the evidence that, a few days before the commencement of the action, the defendants were upon the premises, or entered thereon and drove the plaintiff and her agents and employees off the premises, and prevented them from plowing the premises, by threats or force, such acts were acts of possession on the part of the defendants, and that if there was no evidence to the contrary, they might presume and find that the defendants were in possession at the time of the commencement of the action, is erroneous. Possession of the defendants must be shown as a fact, and cannot be inferred from the mere commission of a trespass by defendants upon the possession of plaintiff.

ID. — PRESUMPTION AS TO CONTINUANCE OF TRESPASS. — There is no pre-
sumption of law that a trespass continues from the time of the commis-
sion until any subsequent date.

APPEAL from a judgment of the Superior Court of San
Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Z. Montgomery,* for Appellants.

*A. E. Nutt,* and *F. W. Ewing,* for Respondent.

HARRISON, J. — Action to recover possession of certain
land in San Diego County, with damages for the with-
holding thereof.

The possession of the land by the defendant at the
time when the action is commenced is a necessary ele-
ment of the plaintiff's right to recover in an action of
this nature, and must be alleged in the complaint; and,
being an issuable fact, must, if denied in the answer, be
established at the trial.     Under the common-law system,
in which the declaration consisted of only a series of
fictions, the tenant was not permitted to defend the ac-
tion, except upon entering into the "consent rule,"
whereby he consented to plead the general issue, and at
the trial to admit his possession, and also the lease, en-
try, and ouster of the plaintiff, and to insist only on his
title, so that the only matter which was tried by the
court was an issue not presented by the pleadings or
alleged in the declaration, viz., whether the plaintiff's
lessor had any title to the land.     As these fictions have
been abolished by the reform in pleading, and the
pleader is required to state in ordinary and concise
language the facts which constitute his cause of action,
inasmuch as the withholding of the possession by the
defendant at the time of commencing the action is one
of the facts which constitute the plaintiff's right to a re-
covery, it is essential that it be averred (*Payne* v. *Tread-
well,* 16 Cal. 244); and, being an issuable fact, if denied,
that it be proved.     This action, being only for the re-

covery of the possession of certain real property, cannot, in a case where the defendant is not in possession, be substituted for an action to determine whether the plaintiff or the defendant has the title to the land. The *gravamen* of the action is the withholding of the possession from the plaintiff, and the very essence of the plaintiff's cause of action is lacking, if the defendant is not shown to be in such possession. Accordingly, it has been invariably held that if the plaintiff fails to show that the defendant was in possession of the land sued for at the commencement of the action, he is not entitled to judgment. (*Garner* v. *Marshall*, 9 Cal. 268; *Owen* v. *Fowler*, 24 Cal. 192; *Hawkins* v. *Reichert*, 28 Cal. 532; *Pope* v. *Dalton*, 31 Cal. 218.)

The jury in the present case were instructed by the court in accordance with the foregoing rule, but the defendants assign as one of the errors committed at the trial that the evidence was insufficient in this respect to sustain the verdict. The evidence presented on the part of the plaintiff of any possession of the land by either of the defendants had reference to certain acts done by them on the land a few days before the action was commenced, and tended more to show a trespass, or a prevention of the plaintiff from going thereon, than an actual possession thereof by the defendants. It was testified on behalf of the defendants that from that time until the commencement of the action neither of them was in possession or exercised any control of the land, and the record does not contain any evidence of any subsequent act by either of them with reference to the land, nor has the respondent called our attention to any evidence which shows that the defendants were, either of them, in possession of the land at the commencement of the action, or for several days prior thereto.

The court instructed the jury that "if from all the evidence in this case you should find that, a few days before the commencement of this action, the defendants, or some or any of them, were upon the premises described in the complaint, or entered thereon and ordered

and drove the plaintiff and her agents and employees off from said premises, and prevented them from plowing said premises, by threats or force, such acts on the part of such defendant or defendants were acts of possession on the part of such defendants; and if there is no evidence to the contrary, you have a right to presume and to find that such defendant or defendants so ordering, driving, preventing, or threatening were in possession of the said real estate at the time of the commencement of this action." In this instruction the court erred. The possession of the land by the defendants was a fact to be shown by the plaintiff; and while it may be sufficient in some cases to show a constructive as contradistinguished from an actual possession (*Crane* v. *Ghirardelli,* 45 Cal. 235), yet the evidence presented in this case did not tend to establish a constructive possession; and it is not a presumption of law that a trespass continues from the time of its commission until any subsequent date; nor should the jury have been instructed that they might infer the possession of the defendants from the fact that they-had previously committed a trespass upon the possession of the plaintiff.

The judgment and order are reversed.

Paterson, J., and Garoutte, J., concurred.