WILLIAM M. WILSON, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 23, 1896.

1. **Pleading**: MISJOINDER: DEMURRER. The demurrer to a petition on the ground of misjoinder is only proper when two causes of action can not be joined in one action and not where two causes of action are joined in one count.

2. ———: DEMURRER: ANSWER. Answering over after the overruling of the demurrer waives all objections save the failure to state a cause of action and jurisdiction.

3. **Trial Practice**: MOTION TO ELECT. Where two causes of action are joined in one count, a motion to require plaintiff to elect should be filed before trial and comes too late after the close of plaintiff's evidence.

*Appeal from the Polk Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*L. F. Parker* for appellant.

Where the wrong complained of does not involve the destruction of the entire estate, the injury may be apportioned from time to time. Hence, it follows that if plaintiff has a right of action for damages to his realty and the destruction of his crops in 1891 and 1892 he must bring separate actions, or at least state his grievances in separate counts. *Bunter v. Railroad*, 50 Mo.

App. 414; *Van Hoozier v. Railroad*, 70 Mo. 145; *Marks v. Davis*, 46 Mo. App. 272; *Offield v. Railroad*, 22 Mo. App. 607.

*J. D. Abbe* for respondent.

(1) Appellant, by pleading over, abandoned its demurrer. *West v. McMullen*, 112 Mo. 405; *Paddock v. Somes*, 102 Mo. 226. (2) It also abandoned its motions to strike out, make more specific, or to elect. *Coffman v. Walton*, 50 Mo. App. 404; *Wilson v. Scott*, 50 Mo. App. 329; *Sauter v. Leveridge*, 103 Mo. 615; *Paddock v. Somes*, *supra*. (3) There was no misjoinder as to injuries to crops. *Ray v. Railroad*, 25 Mo. App. 104; *Bird v. Railroad*, 30 Mo. App. 365.

GILL, J.—This is a suit for damages done to the plaintiff's crops in the years 1891 and 1892 by the alleged negligent construction of defendant's roadbed through plaintiff's farm, whereby the course of the surface water was diverted, gathered together, and cast in large quantities onto plaintiff's cultivated lands. Plaintiff had a verdict and judgment for $80, and defendant appealed.

1. The sole complaint is that the plaintiff was erroneously permitted to join in one count two separate causes of action—the damages done to the crops of 1891 and the injuries committed in 1892—it being claimed that these were separate and distinct causes of action which ought to have been set out in different counts. The defendant made known its objections to this form of pleading, *first*, by interposing a demurrer to the petition, which was filed and overruled before answer; and, *second*, by moving the court, at the close of plaintiff's evidence, to require plaintiff to elect upon which cause of action he would submit his case to the jury. This motion was also overruled.

Defendant is in no condition to complain of either of these alleged errors. In the first place a demurrer was not the proper pleading to reach the irregular manner of joining the two causes of action in one count. That is only proper when the two causes of action are of such character that they can not legally be joined in one action. In this case the two causes might well be joined in one petition, though if they are different causes they ought to have been declared on by separate and distinct counts. But however this may be, yet as the defendant failed to stand on its demurrer and pleaded to the merits by filing answer, such informality of the petition was thereby waived. When the defendant pleads to the merits he thereby waives all objections, save that the petition fails to state a cause of action or that the court has no jurisdiction.

In the next place, the motion to require plaintiff to elect upon which of the two counts alleged to be improperly united in one count came too late. Defendant should have filed this motion before the trial was entered upon. And failing so to do, such irregularities are to be treated as waived. As sustaining the foregoing, see, *Mulholland v. Rapp*, 50 Mo. 42; *Pickering v. Telegraph Company*, 47 Mo. 457; *Scovill v. Glasner*, 79 Mo. 449; *Paddock v. Somes*, 102 Mo. 226; *Sauter v. Leveridge*, 103 Mo. 615; *West v. McMullen*, 112 Mo. 405; *Fadley v. Smith*, 23 Mo. App. 87; *Welsh v. Stewart*, 31 Mo. App. 376.

Judgment affirmed. All concur.