## CHAMP SPRING COMPANY, Appellant, v. B. ROTH TOOL COMPANY, Respondent.

### St. Louis Court of Appeals, November 11, 1902.

1. **Petition: COUNT: CAUSE OF ACTION: PLEADING: PRACTICE, TRIAL.** The objection that a complaint or petition states two causes of action in the same count is not available to the other side on appeal unless some objection was made on that ground in the trial court.

2. **Unlawful Detainer: WHAT IT IS.** In order to make a case of unlawful detainer, defendant must be shown to have wrongly detained the premises at the institution of the action, and it is better pleading to aver that fact; but where the complaint was objected to at the trial solely on other grounds, that defect was waived.

3. **Amendment: PRACTICE, TRIAL.** An amendment was properly permitted in the circuit court increasing the amount of damages claimed in this case.

4. **Evidence.** In a former action between these parties it was adjudged, on evidence not materially different from what is contained in the present case, that the defendant's term expired on September 30, 1901, and said judgment is conclusive on that issue.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

REVERSED AND REMANDED.

### STATEMENT OF THE CASE.

On the fifteenth day of March, 1897, the Champ Spring Company leased certain premises in the city of St. Louis to E. B. Roth, Charles Roth and William Boefer, their successors and assigns, who subsequently incorporated as the B. Roth Tool Company, which succeeded to their rights under said lease and is the respondent in the present case—an action of unlawful detainer by the Champ Spring Company

against the B. Roth Tool Company to recover pos-session of the leased premises. The action was begun on November 29, 1901, before a justice of the peace on a complaint which charged that the Champ Spring Company was entitled to possession of the premises *on the sixteenth day of September,* 1901, *and on the first day of October,* 1901, and that on the last date the defendant willfully and without force held over the leasehold premises (describing them) after the termination of the term for which they were let; for which unlawful detention twenty-five hundred dol-lars were prayed as damages, and the value of the monthly rents and profits of the premises laid at two hundred dollars.

It seems the petition originally called for five hundred dollars damages and was amended in the cir-cuit court against defendant's objection, to read twenty-five hundred dollars, and a point is made against plaintiff's right to that amendment.

One clause of the lease reads as follows: "This lease may be terminated at any time after June 15, 1898, by either party giving six months' notice in writ-ing;" and pursuant to that clause, a notice was ad-dressed to and served on the respondent March 30, 1901, stating that the lease required the Champ Spring Company to give the respondent six months' notice in writing to terminate, and that the Champ Spring Company therefore notified the defendant the lease would expire six months from the date of the notice, which expiration fell on the thirtieth day of Sep-tember, 1901.

On August 14, 1901, a second notice was served to the effect that the tenancy of the respondent would be terminated on the fifteenth day of September, with a request that the premises be surrendered at that date; the last notice being given on the theory that the tenancy created by the lease was from month to month and could be ended by a written notice of thirty days.

The case resulted in a judgment in favor of the Roth Tool Company before the justice of the peace

from which the Champ Spring Company appealed to the circuit court, where, on a trial *de novo,* the court gave an instruction at the close of all the testimony nonsuiting the plaintiff.

Most of the facts material to the determination of the present case were in evidence and before the circuit court and this court in an injunction suit of the B. Roth Tool Company against the Champ Spring Company (93 Mo. App. 530) in which the Roth Tool Company obtained an order restraining the Champ Spring Company from turning off steam which was to be furnished to the Roth Tool Company until the thirtieth day of September, 1901; the lease containing a covenant that steam should be furnished for the operation of the lessee's plant during the continuance of the term.

On the trial of this case, the petition in that one was introduced by the appellant and the decree was also put in evidence. In said petition the Roth Tool Company set out substantially the contents of the lease, and the notice first given by the Champ Spring Company to end the term, and asked relief from being deprived of steam. Among other things the decree contained the following:

"On August 13, 1901, the defendant gave plaintiff notice to vacate on September 15, 1901, and on September 15, 1901, defendant shut off the steam power, whereupon the temporary injunction was granted, and the court doth find, as a matter of law, that the plaintiff held as tenant under said lease, and under the provisions of the lease the same continued until a six months' notice should be given; that the notice given August 13, 1901, terminating the tenancy September 15, 1901, did not have the effect of terminating the same, but that the notice given March 30, 1901, did have the effect of terminating the lease September 30, 1901. That at the time of the granting of the temporary injunction plaintiff was entitled thereto, and to the relief sought, but that by reason of the termination of the lease under the notice of March

30, 1901, on September 30, 1901, the further continuance of the injunction would be improper, and the costs of this proceeding shall be paid by the defendant. It is therefore ordered, adjudged and decreed that the injunction herein heretofore granted September 27, 1901, be and the same is hereby dissolved, and this cause dismissed and that plaintiff recover of the defendant its costs and charges in the behalf expended and have execution therefor.''

*R. M. Nichols* for appellant.

(1)   If it be conceded that the allegation in the complaint, laying the unlawful detainer on the sixteenth and thirtieth days of September, was stating two causes of action in one count, defendant waived this point by going to trial upon the petition, and his objection to testimony on the trial on this ground would not avail him.   Williamson v. Fischer, 50 Mo. 198; Snyder v. Parker, 75 Mo. App. 534; Kennerly v. Summerville, 64 Mo. App. 77.   (2) It is claimed that the notice given March 30, not being on a rent day, was therefore void; but defendants having sought relief in court, as shown by the pleadings offered in evidence, based on this notice, are estopped from urging its invalidity.   However, even under the law it is sufficient.   Rogers v. Potts, 17 C. B. Rep. 317; B. Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530.   (3) The instructions asked by the plaintiff declared the law correctly, and the uncontradicted evidence accorded with it.   The verdict is contrary to the instruction given for the plaintiff. Hearne v. Keath, 63 Mo. 84; Harlan v. Railroad, 64 Mo. 480.

*Ed. L. Gottschalk* for respondent.

(1)   This complaint was filed November 29, 1901. The withholding is charged to be on the sixteenth day of September, 1901, and on the first day of October,

1901. The complaint may be true, and still defend-ant not be guilty of unlawful detainer. Link v. Har-rington, 23 Mo. App. 429; Loan v. Smith, 76 Mo. App. 510; Orrick v. St. Louis Public Schools, 32 Mo. 315. (2) The notice dated August 13 (monthly), did not have the effect of terminating the tenancy, for the reason that the lease provided for six months' notice. Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530.

GOODE, J.—1. It appears from the foregoing statement there was a direct adjudication, in the former case, of the B. Roth Tool Company against the Champ Spring Company for an injunction; that ac-cording to the provisions of the lease and the notice given by the Champ Spring Company on the thirtieth day of March, 1901, the Roth Tool Company's term did not end until the thirtieth day of September, 1901, but did end on that day. This judgment was submit-ted to by the respondent and affirmed by this court, and settles the issue as to when the lease terminated.

2. Another point made by the respondent is that the complaint in the present case stated two causes of action in the same count, to-wit: an unlawful de-tention of the premises after September fifteenth, and also for their unlawful detention after October first, and this was true; but as no objection was made to the complaint on that score before going to trial, the point was waived. This was expressly adjudicated in a similar case [Snyder v. Parker, 75 Mo. App. (K. C.) 529] and is in harmony with the general rule as to objecting to two causes of action in one count. Wilson v. Railway, 67 Mo. App. 443; Murphy v. St. Louis Transit Co., 96 Mo. App. (St. L.) 272. The state-ment could have been amended in the circuit court, had appellant questioned it. R. S. 1899, sec. 4079.

3. Respondent likewise objects to the complaint because it fails to state the premises were unlawfully detained on the date the suit was brought, but only states they were unlawfully detained on preceding dates. In order to make a case of unlawful detainer,

the plaintiff must show the premises were wrongly detained at the institution of the action [Loan v. Smith, 76 Mo. App. (K. C.) 510] and it is the better pleading to aver that fact; but a complaint substantially like the one before us has been held good [School Dist. v. Holmes, 53 Mo. App. (St. L.) 487] and is unquestionably good unless a point is made against its sufficiency at the trial. The only objection urged by the respondent to this complaint in the court below was that an amendment had been permitted in the circuit court by interlineation, increasing the amount of damages claimed, and objections to other formal deficiencies were thereby foregone. The evidence conclusively showed the possession of the respondent at the time the suit was brought, and at the time of the trial; also that its possession was unlawful, as we think, and the omission to plead the detention on the date the complaint was filed, even if it was a serious defect, was cured by the judgment.

4. We think the amendment increasing the amount of damages claimed was properly permitted in the circuit court as it in no way altered the issues to be tried. R. S. 1899, sec. 3391.

In view of the fact that it had been previously adjudged in an action between these identical parties that the respondent's term ended September 30, 1901, its retention of the premises thereafter was wrongful and entitled the appellants to maintain an action of unlawful detainer. The entire evidence conclusively shows its right to recover possession, and the instruction that it could not recover was erroneous.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Barclay, J.,* concur.