[Civ. No. 483.   Second Appellate District.—September 15, 1908.]

## J. M. BELL, Respondent, v. J. P. HAUN and W. JONES, Appellants.

FORCIBLE ENTRY AND DETAINER—INSUFFICIENT COMPLAINT—DETENTION NOT ALLEGED—JUDGMENT FOR RESTITUTION UNSUPPORTED.—In an action for forcible entry and detainer, a complaint not alleging the detention of the premises by the defendants at the time of the commencement of the action does not state a cause of action, and cannot sustain a judgment for restitution of the premises.

ID.—AVERMENT OF DAMAGE FOR DAILY WITHHOLDING—CONSTRUCTION OF PLEADING.—The pleading must be construed most strongly against the pleader; and an averment that plaintiff will be damaged $5 for each day the possession is withheld cannot be construed as a substantive averment that at the time of the commencement of the action the premises were withheld and detained from plaintiff by the defendants.

ID.—GIST OF ACTION OF FORCIBLE OR UNLAWFUL DETAINER.—The real gist of the action is the detention of the premises from the one entitled thereto, whether the detainer be forcible, as defined by

section 1160 of the Code of Civil Procedure, is unlawful within the meaning of section 1161, or the retention of possession without force and violence by one who has by force and violence entered upon the possession of another.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion to vacate a default and judgment on default. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Louis Luckel, for Appellants.

Jones & Weller, for Respondent.

SHAW, J.—Appeal from judgment on default and from order denying motion to vacate and set aside such default and judgment.

The action purports to be for the forcible entry and detainer of premises at the time occupied by plaintiff. It is alleged that defendants "did wrongfully and unlawfully, and without the consent of plaintiff, turn the plaintiff out of the possession thereof by force and violence, and did throw the personal property of plaintiff then on said premises into the public road"; and that by reason thereof plaintiff is damaged in the sum of $500, and will continue to be damaged in the sum of $5 for each and every day the possession thereof is withheld from plaintiff by defendants, followed by a prayer for restitution of the premises and $500 damages for the alleged forcible entry, and the further sum of $5 per day for each day the possession is withheld from plaintiff by defendants. It is not alleged in the complaint that defendants detained the possession of said premises from plaintiff. By summons served on defendants, September 18, 1907, they were required to appear and answer within three days of service thereof. Defendants failed to answer as commanded by said summons; whereupon, default was entered, upon which judgment was, on September 24, 1907, rendered for damages as prayed for, and whereby it was further ordered that plaintiff recover possession of the premises, and that he have issued a writ of restitution requiring the sheriff to place him in the peaceable possession thereof.

Upon the ground of inadvertence and excusable neglect defendants moved the court to set aside the default and vacate the judgment, which motion was by the court denied.

The procedure adopted is that prescribed by chapter IV, title III, of the Code of Civil Procedure, known as the "forcible entry and detainer act." Its purpose is clearly indicated by its title, which is: "Summary proceedings for obtaining possession of real property in certain cases." Section 1167 of this act provides that in proceedings instituted thereunder the summons issued shall require the defendant to answer within the time designated therein, which shall not be less, however, than two days before the return day. The summons issued complied with the provisions of this section, and required defendants to answer within three days after service thereof. Appellants' contention is that the complaint does not state a cause of action for forcible entry and detainer, and, therefore, the provisions of section 1167, wherein the defendant can be required to answer in less than ten days, do not apply; in short, that the action is not one for the restitution of property, does not come within, and is not controlled by, any provision of the forcible entry and detainer act, but is an action to recover damages for a trespass, as to which they were entitled to ten days within which to answer; that the entering of default and rendition of judgment thereon before the expiration of such ten days constituted error, for which the judgment should be reversed.

The chief object of the action instituted under the provisions of the forcible entry and detainer act is to enable the party wrongfully ousted from the possession of premises to regain possession thereof by lawful means, thus avoiding incidental disturbances and breaches of the peace likely to occur in an effort to regain possession by force. Since the purpose of the action is to regain possession of the premises, it necessarily follows that it must appear from the complaint that the defendants, at the time of the commencement of the action, withhold and detain possession thereof from plaintiff. "In all actions brought under forcible entry and detainer statutes, it is necessary to allege a detention of the premises at the time of the institution of the action; for, in the absence of such detention, the complaint would amount to no more than a trespass." (19 Cyc. of Law, p. 1156.) "The action must be brought against a person who is in the actual posses-

sion when suit is brought." (13 Am. & Eng. Ency. of Law, p. 766; *Champ Spring Co.* v. *Roth Tool Co.*, 96 Mo. App. 518, [70 S. W. 506].)

An allegation of forcible entry alone, unaccompanied by an allegation showing that defendant detains possession of the premises so forcibly entered, will not warrant an action under the provisions of said chapter IV, title III, Code of Civil Procedure, for forcible entry and detainer. (*Castro* v. *Tewksbury*, 69 Cal. 562, [11 Pac. 339]; *Preston* v. *Kehoe*, 10 Cal. 445; *Armstrong* v. *Hendrick*, 67 Mo. 542; *Merrill* v. *Forbes*, 23 Cal. 379.) In the absence of such allegation a fact necessary to constitute the cause of action must be taken as having no existence. (*Hildreth* v. *Montecito Creek W. Co.*, 139 Cal. 22, [72 Pac. 395].)

While it appears from the complaint that plaintiff was in the actual and peaceable possession of the premises, and that defendants did wrongfully and unlawfully turn the plaintiff out of the possession thereof, it nowhere appears that defendants detained or withheld possession of the premises from plaintiff at the commencement of the action. Indeed, from all that appears in the complaint, plaintiff may have immediately, upon the commission of the acts attributed to defendants, resumed possession of the premises and held the same at the time of instituting the action. Section 1174 of the Code of Civil Procedure provides that, if the finding of the court be in favor of the plaintiff, judgment shall be entered for the restitution of the premises; and, in compliance with this provision, the court did adjudge that plaintiff do have and recover of and from the defendants possession of the premises, and that there issue to the sheriff a writ of restitution requiring him to place plaintiff in possession of the same; all of which would be idle acts did not defendants withhold possession from plaintiff. To warrant such judgment, it must appear from the complaint that defendants withheld the premises from plaintiff, and hence the requirement of said section 1174 that the judgment shall provide for restitution thereof. The real gist of the action is the detention of the premises, from the one entitled thereto, and this whether the detainer be forcible as defined by section 1160 of the Code of Civil Procedure, or unlawful, within the meaning of section 1161, or the retention of possession without force and

violence by one who has by force and violence entered upon the possession of another.

The statement in the complaint, that plaintiff will continue to be damaged in the sum of $5 for each and every day the possession is withheld from him by defendants, cannot be construed as an allegation that possession is withheld. To do so would be in violation of the rule that a pleading should always be construed most strongly against the party pleading, and no intendments indulged in its support. (*McIntyre* v. *Hawser*, 131 Cal. 11, [63 Pac. 69] ; *Callahan* v. *Loughran*, 102 Cal. 476, [36 Pac. 835].)

From these views, it is apparent that the complaint fails to state a cause of action within the meaning of the chapter, in accordance with which the procedure was taken, and the judgment and order must, therefore, be reversed. It is so ordered.

It is unnecessary to consider other points made by appellants.

Allen, P. J., and Taggart, J., concurred.