[Civ. No. 1515.   Second Appellate District.—September 25, 1914.]

HENRIETTA DAVIES, Respondent, v. JOHN STARK, et al., Defendants; H. L. SUYDAM, Appellant.

APPEAL—ORDER REFUSING NEW TRIAL—RECORD NOT SHOWING GROUNDS OF MOTION.—An order denying a motion for a new trial will be affirmed on appeal if the record does not disclose the grounds upon which the motion was made.

ID.—REGULARITY OF PROCEEDINGS—PRESUMPTION ON APPEAL.—On appeal every presumption is in favor of the regularity of the judgment and the proceedings upon which it is based, and to justify a reversal it devolves upon the appellant to affirmatively show error.

ID.—FORCIBLE ENTRY AND DETAINER—GIST OF ACTION—SUFFICIENCY OF COMPLAINT.—An allegation of forcible entry alone, unaccompanied by an allegation showing that defendant detains possession of the premises so forcibly entered, will not warrant an action under the provisions of chapter IV, title III of the Code of Civil Procedure, for forcible entry and detainer. The real gist of the action is the detention of the premises.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

M. O. Graves, for Appellant.

Birney Donnell, and Willoughby Rodman, for Respondent.

SHAW, J.—Action for forcible entry. The complaint alleges that plaintiff, on October 31, 1913, was in the peaceable possession of a certain store-room, at which time defendants forcibly entered therein and in a forcible manner ejected the plaintiff from the premises and broke the doors, locks, and windows of said storeroom, all to her damage in the sum of five hundred dollars; that the monthly rental value of the property is forty dollars. There is an absence of any allegation that any of the defendants detained possession of the property; indeed, from all that appears to the contrary in the complaint, plaintiff may have immediately upon the commission of the acts attributed to defendants, resumed possession of the premises and held the same at the time of instituting the action.

To this complaint Suydam, the appellant, filed a separate answer, admitting that plaintiff was, on October 31, 1913, in the peaceable possession of the property, but denied that he entered the premises in any manner, or ejected the plaintiff therefrom, or did any of the acts charged in the complaint to have been done by defendants.

The court found the facts as alleged in the complaint, namely: that defendants forcibly broke the doors and locks of the storeroom, entered therein and ejected plaintiff who was in the peaceable possession thereof, all to her damage in the sum of $26.25, for treble the amount of which sum judgment was rendered for plaintiff. Suydam appeals from the judgment and an order denying his motion for a new trial.

The record discloses that a bill of exceptions was prepared and settled, to be used in support of defendants' motion for a new trial, and also shows the motion as made to have been denied. This order must be affirmed for the reason that the record does not disclose the grounds upon which the motion was made; hence it is impossible to say the court erred in the ruling.

No attack is made upon the findings, and while the bill of exceptions discloses no evidence showing that plaintiff was damaged in any sum whatsoever, or that defendants detained possession of the property, we must, since the bill of

exceptions does not purport to contain all of the evidence, but only such parts of the record upon which defendants based their claim for a new trial, indulge in the presumption that there was sufficient evidence adduced to justify the court in making the finding. Every presumption is in favor of the regularity of the judgment and proceedings upon which it is based, and to justify a reversal it devolves upon appellant to affirmatively show error.

The only question to be reviewed upon the record as presented is the sufficiency of the complaint. As to this, we think what was said in the case of *Bell* v. *Haun,* 9 Cal. App. 41, [97 Pac. 1126], is determinative of the question. The facts in the case there were almost identical with those here presented. It was there said: ''An allegation of forcible entry alone, unaccompanied by an allegation showing that defendant detains possession of the premises so forcibly entered, will not warrant an action under the provisions of chapter IV, title III of the Code of Civil Procedure, for forcible entry and detainer, (*Castro* v. *Tewksbury,* 69 Cal. 562, [11 Pac. 339] ; *Preston* v. *Kehoe,* 10 Cal. 445; *Armstrong* v. *Hendrick,* 67 Mo. 542; *Merrill* v. *Forbes,* 23 Cal. 379.) In the absence of such allegation a fact necessary to constitute the cause of action must be taken as having no existence. (*Hildreth* v. *Montecito Creek W. Co.,* 139 Cal. 22, [72 Pac. 495].) While it appears from the complaint that plaintiff was in the actual and peaceable possession of the premises, and that defendants did wrongfully and unlawfully turn the plaintiff out of the possession thereof, it nowhere appears that defendants detained or witheld possession of the premises from plaintiff at the commencement of the action.'' It is made the duty of the court, under section 1174 of the Code of Civil Procedure, if the finding of the court be in favor of plaintiff, to enter judgment for the restitution of the premises, but to warrant such judgment it must appear from the complaint that defendants withheld the premises from plaintiff. It was further said in *Bell* v. *Haun,* 9 Cal. App. 41, [97 Pac. 1126] : ''The real gist of the action is the detention of the premises, from the one entitled thereto, and this whether the detainer be forcible as defined by section 1160 of the Code of Civil Procedure, or unlawful, within the meaning of section 1161, or the retention of possession without force and violence by one who has by force and violence en-

tered upon the possession of another." In 19 Cyc., p. 1156, it is said: "In all actions, brought under forcible entry and detainer statutes, it is necessary to allege a detention of the premises at the time of the institution of the action; for, in the absence of such detention, the complaint would amount to no more than a trespass." As frequently said, pleadings must be construed most strongly against the pleader, and so regarded the allegations of the complaint in this case are entirely consistent with the fact that defendants broke the doors and windows, ejected plaintiff from the storeroom and immediately thereafter departed from the premises.

In our opinion, the complaint is insufficient to sustain the judgment rendered, and it is, therefore, reversed.

Conrey, P. J., and James, J., concurred.