[Civ. No. 3504. First Appellate District, Division Two.—July 25, 1921.]

GEORGE ORLY, Respondent, v. CHARLES O. RUSSELL, Appellant.

[1] FORCIBLE ENTRY AND UNLAWFUL DETAINER—INSUFFICIENCY OF EVIDENCE.—Where in an action of forcible entry and unlawful detainer it appeared that the door to the premises was barred by someone, but it was not shown by whom, nor was it shown who was in possession from the time of the alleged trespass to the commencement of the action, or that the defendant had the authority or power to deliver possession, there was a failure of proof to sustain the charging part of the complaint.

[2] ID.—TENANT AT WILL—DAMAGES.—The longest period of time for which a plaintiff at will is entitled to charge a loss of profits as an element of damage in an action of forcible entry and unlawful detainer is thirty days.

[3] ID.—EXEMPLARY DAMAGES—PROCEDURE.—Where a tenant at will in an action of forcible entry and unlawful detainer asks in his complaint for exemplary damages the jury should fix the damages, and the plaintiff then apply to the court to have the damages trebled, and where such procedure is not followed, a verdict in excess of loss of profits for thirty days cannot be considered as including exemplary damages.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Reversed.

The facts are stated in the opinion of the court.

John H. Riordan for Appellant.

Daniel Barton for Respondent.

STURTEVANT, J.—The plaintiff sued the defendant in an action of forcible entry and unlawful detainer; a trial was had before the court sitting with a jury; the jury returned a verdict in favor of the plaintiff for the restitution of the premises and $450 damages. The defendant moved for a new trial on all of the statutory grounds, the motion was denied, and the defendant has appealed under section 953a of the Code of Civil Procedure.

One Hamble owned a building on Macdonald Avenue, in the city of Richmond, which building was divided into two compartments, one known as 1100 and the other as 1102 Macdonald Avenue. In February, 1919, R. H. Curry held a lease on the building. While he was lessee the plaintiff rented, for no specified term, the compartment known as No. 1102 and paid his rent to the lessee in the sum of $18 per month, that is from the seventeenth day in the month to the seventeenth day of the next month. The lease which Curry held from the landlord contained an option that the lease could be canceled on the request of the lessee whenever prohibition was about to take effect. Accordingly the lessee took such steps that his lease was canceled July 1, 1919. Thereafter, during the month of July, the landlord leased some part of the building to Charles Russell, and on the

same day the landlord called on the plaintiff and collected in cash one-half of one month's rent; at the same time the landlord and the plaintiff had a conversation in which it was discussed that the lease had been or was about to be made to Russell and the future tenure of the plaintiff was discussed as being problematical. The record shows no conversation or communication between the plaintiff and the defendant except as will presently be stated. Between 7 o'clock Saturday, August 29, 1919, and Monday morning following, someone entered the premises known as No. 1102 by means of breaking off some hooks on a back door which led into the premises known as No. 1100. After so entering a board was so fastened across the front door as to prevent an entrance. On September 2d the plaintiff and his attorney served a notice on the defendant requiring the defendant to surrender possession to the plaintiff within five days. At that time the defendant is quoted as stating, "I can't give up that way, up the place"; in another part of his testimony the plaintiff quotes the language as being, "It is a nice way I could give you back now your place"; and in another place he uses the expression, "Fine way I could restore the shop now to you."

[1] Except as stated above there is not a scintilla of testimony in the record showing who it was that entered the back door and barred the front door, nor is there a scintilla of evidence showing who, if anyone, was in possession from August 29, 1919, down to and including the date that the action was commenced. There is evidence that after demand was made on him the defendant did not deliver possession of the premises, but there is not a word in the record showing that he was in possession or that he had the least authority or power to deliver the same. It is patent, therefore, that the most material allegations of the charging part of the plaintiff's complaint are not sustained by the evidence. His proof showed a trespass on the part of someone, but did not even show a trespass on the part of this particular defendant. (*Polack* v. *McGrath et al.,* 25 Cal. 54; *Preston* v. *Kehoe,* 10 Cal. 445; *Castro* v. *Tewksbury,* 69 Cal. 562, [11 Pac. 339]; *Frazier* v. *Lynch,* 97 Cal. 370, [32 Pac. 319]; *Davies* v. *Stark,* 25 Cal. App. 519, [144 Pac. 315].)

In what we have said above we have not overlooked testimony to the effect that John B. Azevedo and the defendant desired to install an ice-cream stand in the building, that they desired the use of the entire premises, and that the defendant entered and made some alterations in the building. When the defendant entered to make said alterations there is no evidence he entered through No. 1102. Conceding. he committed a trespass against the plaintiff in altering the wall, this is not an action for a mere trespass.

[2] Plaintiff was a tenant at will. As such his tenure could have been legally terminated in thirty days. (Civ. Code, sec. 789; *Martin* v. *Splivalo,* 56 Cal. 128.) The longest period of time for which he was entitled to charge a loss of profits as an element of damage was, therefore, thirty days. The plaintiff testified that he was earning $240 per month. He had been paying $18 a month rental; the maximum damage shown by the evidence introduced by him was, therefore, $258. (Civ. Code, sec. 3334; *Hawthorne* v. *Siegel,* 88 Cal. 159, [22 Am. St. Rep. 291, 25 Pac. 1114].) However, the jury brought in a verdict for $450. The amount was clearly excessive. [3] True it is that the plaintiff asked in his complaint for exemplary damages, but the jury should have fixed the damages and then, if plaintiff so desired, he should have appealed to the court to have the damages trebled. No such proceeding was had and therefore the verdict cannot be considered as including exemplary damages. (*San Francisco etc. Soc.* v. *Leonard,* 17 Cal. App. 254, [119 Pac. 405].) Furthermore, as no evidence was introduced showing any overt act on the part of this defendant, far less was there any evidence showing malicious acts on his part and there was no basis for awarding exemplary damages.

The judgment is reversed.

Nourse, J., and Langdon, P. J., concurred.