[Civ. No. 646. Third Appellate District.—November 30, 1909.]

## EUGENIE J. GOSS, Appellant, v. B. GOLINSKY et al., Respondents.

MINING CLAIMS—BOUNDARY BY SECTION LINE—LOCATION OF SURVEY—COURSES AND DISTANCES—INCIDENTAL MONUMENTS.—Where the disputed boundary of mining claims in an action to quiet title and to restrain interference with plaintiff's claims depends upon the location of a section line of the government survey forming the boundary between them, in the ordinary course of which the sections are appar-

ently square, as called for by the courses and distances given, yet where discrepancies appear in monuments called for, the only question is whether the calls for the monuments are clearly intended to be locative, so as to control courses and distances, or are merely incidental, or conjectural, or indefinite or conflicting, in which case the courses and distances called for in the plat of the survey will control the monuments.

ID.—GENERAL EXCEPTIONS AS TO CONTROL BY MONUMENTS—ABSURDITY—INCONSISTENCY—UNRELIABILITY.—The doctrine that monuments control courses and distances is never followed where to do so would lead to an absurdity, or where they are inconsistent with the manifest intention of the parties, or where the surrounding circumstances show the courses and distances to be more reliable than the monuments.

ID.—DISTANCES BETWEEN CORNERS TO CREEKS OR ROADS.—Distances called for between corners to creeks or roads, unless specially designated in such manner as to show the intention to make them locative, are not such, and will not ordinarily have precedence over a call for course or distance.

ID.—LOCATION OF SECTION IN FORM OF TRAPEZOID.—There is no basis for holding that in a call for a creek between corners, the United States surveyor, without reason, departed from his usual custom to make the sections square, to the extent of one thousand feet out of the usual course, and located a section in the form of a trapezoid, thereby including a larger area in one section, and a correspondingly diminished area in the adjoining section, and so introduced irregularity and inequality into the survey, where regularity and continuity are supposed to be observed as far as possible.

ID.—REASON FOR RULE AS TO CONTROL OF MONUMENTS.—Whenever precedence is given to a call for a monument or natural object over a course or distance, it is because the former is considered more reliable evidence than the latter of the actual survey.

ID.—REASON FOR CONTRARY RULE.—There is reason for a contrary rule, when it is unreasonable to conclude that the surveyor made a mistake of one thousand feet in the distance, if any degree of care and skill had been exercised. If he had in view a natural object at that distance, it would be more reasonable to infer that he observed it from a remote point, and guessed at the distance, than that he actually located it by the survey.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order denying a motion for a new trial. Charles M. Head, Judge.

The facts are stated in the opinion of the court.

Braynard & Kimball, and W. H. Orrick, for Appellant.

W. D. Tillotson, and James E. Isaacs, for Respondents.

BURNETT, J.—The action is to quiet title and to restrain defendants from mining upon land claimed by plaintiff. The property involved lies in township 34 N., R. 5 W., M. D. M., and the only question in controversy is whether the mines in dispute are located in section 28 or section 33 of said township. The north line of said section 33 is the south line of said section 28. As admitted by both parties, the issue is to be determined by the solution of the question whether or not the northwest corner of section 33 is a lost corner. It is so asserted by respondents, and the findings and judgment are based upon the proposition that said corner is what is known as a lost corner, and must be located by the system of surveying designated as the system of proportionate measurements. Plaintiff claims that said mines are located upon her land in the northwest quarter of said section 33, basing the contention upon the theory that the lines should be run in accordance with the calls for natural objects set forth in the field-notes of the original government survey. According to appellant's theory, the northwest corner of said section 33 is more than one thousand feet north of the point where it naturally would be in the ordinary course of United States government surveys and as shown upon the map of the original survey and as called for by the courses and distances of the original field-notes. It is admitted that the official plat shows all of the sections apparently square and of the normal size, that the southwest and northeast corners of said section 33 are known, and that the northwest corner as located by the court is substantially eighty chains from said known corners, as called for in said field-notes, but the ground for appellant's contention is found in these considerations: The said map shows a stream running across the west line of section 33, twelve chains south from the northwest corner of the section as shown upon the map. This stream is marked "creek" where it crosses said line, but some distance below it is marked "Little Backbone creek." There is a smaller stream designated as a gulch coming from the northeastward, a short distance east of said theoretical corner, and it intersects the stream designated as creek. These streams, as rep-

resented on the map, satisfy the distances called for in the field-notes of the original survey, but as a matter of fact they are not correctly delineated. The first stream is approximately seventeen chains, or about eleven hundred feet, farther north. The reference to the natural objects in the calls of the deed upon which appellant relies is as follows: "52.50 Cross *gulch* Course N. E. and descend; 68.00 Cross *creek* 10 lks. wide Course S. E. and ascend." The contention of appellant, therefore, is that the corner should be moved north to correspond with the actual location of said creek, thus making the western boundary of said section 33 more than a thousand feet longer, as we have stated, than as represented on the map or indicated by the distances in the field-notes.

There seems to be no controversy as to the rules by which such discrepancies are to be resolved, the only difficulty being in their application to the facts. If the only question were the relative importance of natural objects or monuments clearly identified and courses or distances, the former would be entitled to precedence, but, as stated in the American and English Encyclopedia of Law, volume 4, page 786, "Courses and distances control incidental calls for monuments, except where there is a clear intention shown to make such calls locative; and they also control indefinite and conflicting calls for monuments. They govern where surrounding circumstances show them to be more reliable, or where such is the intention of the parties, or where monuments are called for by conjecture and not by actually running out the lines upon the ground according to rule. The doctrine that monuments control courses and distances is never followed where to do so would lead to an absurdity or where they are inconsistent with the meaning of the deed."

*Jones* v. *Andrews,* 72 Tex. 5, [9 S. W. 170], is cited as an illustration of an incidental call for monuments. It is therein said: "Appellants asked the court to instruct the jury that a call for a natural object, such as a creek, or for an artificial object, such as a well-marked and long established public road, will control course and distance, and also the lines of the survey, unless such lines are actually marked upon the ground. . . . This is only true when they are selected as locative calls and they are not then always absolute. When they are noted in the field-notes as mere incidental calls, in

passing, their reliability is weakened and sometimes rendered wholly worthless. Distances called for between corners to creeks or roads, unless specially designated in such manner as to show the intention to make them locative, are not such, and will not ordinarily have precedence over a call for course or distance.''

There are several reasons, in our judgment, why the location of the ''Little Backbone creek'' should not have such controlling influence as is claimed by appellant. In the first place, assuming that reference is made to this stream, there is nothing in the field-notes to show that it was not a mere incidental call; there is certainly nothing in the surrounding circumstances to indicate an intention to make this stream a locative point. There can be no basis for holding that without out reason the United States surveyor, departing from the usual custom, should locate this particular ground in the shape of a distinct trapezoid, increasing the area of section 33 and correspondingly diminishing that of section 28 and introducing irregularity and inequality into the survey where uniformity and continuity are supposed to be observed as far as possible. But again, the reason for applying the rules to which reference has been made is to ascertain what ground was actually located by the original survey. Whenever precedence is given to a call for a monument or natural object over a course or distance, it is because the former is considered more reliable evidence than the latter of the actual survey. But in the case at bar, without doing violence to the competency of the surveyor, it is impossible to conclude that he actually located said creek as the terminus of said call in the deed, since a mistake of over one thousand feet in the distance would not be made if any degree of care or skill were exercised. If he had in view this natural object, it is more reasonable to infer that he observed it from a remote point and guessed at its distance than that he actually located it by the survey.

There are other circumstances also lending support to respondents' position. Appellant's witnesses, who attached so much importance to said stream, could not, and did not, locate definitely said northwest corner. The best they could do was to say that it was within a radius of two hundred and fifty feet from a certain point, and again, there is evidence of

other streams crossing said western line of section 33, and it is impossible to determine which is referred to in the field-notes. As already seen, a monument or natural object is of importance only when clearly identified. It is manifestly of no value as an aid to the intention of the parties when its identity cannot be determined. It is true that there is no stream crossing said line at the distance from the southwest corner called for in the field-notes, but this circumstance does not aid in the identification of Little Backbone creek as a monument established by the original survey. It would seem, indeed, that if said stream had been intended it would have been designated by its name, so that this element of uncertainty would not have remained. To recapitulate: The calls for these natural objects are intermediate and apparently incidental calls, and are not referred to or marked in such manner as to identify them or show that the original surveyor considered that they were controlling. (*Mendenhall* v. *Paris,* 84 Cal. 196, [34 Pac. 1095].) It is clear that confusion would result if we attempt to locate the land from those natural objects, and hence resort must be had to the distances given as controlling. (*Hostetter* v. *Los Angeles T. R. Co.,* 108 Cal. 38, [41 Pac. 330].) Since the marks of the government survey are obliterated and the corner cannot be located by witnesses or by reference to identified monuments, the measurements indicated in the field-notes should be followed. (*Stangair* v. *Roads,* 41 Wash. 583, [84 Pac. 405].) The irregular shape of the two sections and the departure from the accepted method of surveying the government land involved in the adoption of appellant's contention should lead to its rejection in the absence of any reliable evidence that such an arbitrary and unusual proceeding was adopted in the original survey.

In our opinion, this artificial rule of construction for which appellant contends, if applied here, would only lead to confusion and uncertainty, and unjustly deprive respondents of valuable property which they have occupied without question for ten years.

As appellant admits in her brief that "the only question in this case is as to where the north line of section 33 runs on the ground," and as we think it clear that it was so lo-

cated as to include the disputed territory within section 28, it is unnecessary to consider any other point.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1910.