[Civ. No. 2599. First Appellate District, Division One.—December 31, 1918.]

CITY OF DALY CITY (a Municipal Corporation), Respondent, v. J. M. HOLBROOK et al., Appellants.

MUNICIPAL CORPORATIONS — STREETS — EJECTMENT — RIGHT TO SUE.— Under section 850 of the General Laws of California, Act 2348, an unchartered municipal corporation of the sixth class has the right to bring in its own name an action to eject persons occupying a part of a public highway therein and to recover damages for the use and occupation thereof.

ID.—ADVERSE POSSESSION NEGATIVED.—In such action a finding that the territory in question was and is a public street would make it impossible for defendant to have obtained title to any portion of the street by adverse possession, since no right can be acquired against the public by adverse possession.

ID.—DEDICATION.—Where an owner of land files a map thereof showing it to be divided into streets, alleys, etc., and then sells lots with reference to such map, he thereby makes an irrevocable dedication of the space represented on the map as streets to the use of the public.

ID.—ACCEPTANCE BY TOWN AUTHORITIES.—In such case acceptance by the town authorities is unnecessary.

APPEAL from a judgment of the Superior Court of San Mateo County. Geo. H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. H. Rixford and Halsey L. Rixford for Appellant.

George Appell and Frank E. Powers for Respondent.

STURTEVANT, J., *pro tem.*—This is an action to eject the defendants from a piece of land on the ground that the same is a part of a public highway, and to recover damages for use and occupation. The plaintiff had judgment and the defendants present the case to this court on an appeal from the judgment with their bill of exceptions.

The facts of the case, from the standpoint of the defendants, are briefly as follows: The plaintiff is a municipal corporation, organized in 1911, as a city of the sixth class. The land in controversy lies within its boundaries. At all times mentioned in the case, prior to the organization of the plaintiff, the land was in unincorporated territory of the county of San Mateo. It was formerly a part of a larger tract which was fenced and used for a pasture and dairy. In the year 1900 Oscar Heyman sold a lot to one Charles Olson and marked out a space in the pasture as the land sold, which was described as Lot 28 in Block "P" of the Mission Street Tract, and was twenty-five feet fronting on San Jose Avenue by a uniform depth of one hundred feet. Olson, instead of building his house upon said lot, erected it upon land included in Prim Street, the exact description of which appears in the complaint herein. Olson built a fence around the land he thus took possession of, and lived there for some time. Later he turned the house back to his grantor, who, in turn, sold it to a Mrs. Paillet, who lived in it for some time, and then sold it to the defendants herein. They have lived there ever since and the possession of defendants and their predecessors has been continuous since 1900. The other side of the case is made up of the following facts: It appears that a map was filed in 1872 in the county recorder's office called "Map of the Mission Street Extension Homestead Association," with the tract mapped into lots, blocks, and streets, and the word

"Prim" printed on a strip of land which includes the land where the house of defendants stands. It also appears that The Homestead Association divided its property into lots and conveyed these lots to its shareholders. It also appears that another map of the tract has been likewise filed, entitled "Map showing subdivision of the property of the Mission Street Land Company," in 1895, with a different scheme of streets and smaller lots and other blocks, and that this company had made deeds of new lots to its stockholders in dividing up the land.

Plaintiff rested its case in the trial court upon the proposition that Prim Street, the street in which defendants maintain their house, was and is a public street dedicated to the public use, and was such public street when defendants' predecessor built the house in said street. There is no controversy over the fact that if Prim Street is a public street defendants' house is situated in Prim Street. It is a fact admitted by the pleadings that no taxes were assessed on the land at any time during the possession of the defendants.

The defense of defendants is first, that the street in question was never dedicated to the public use, and second, that the only persons who had any rights in the strip of land in controversy were private persons or private corporations, the owners and their grantees, and the possession of defendants was adverse to them; that defendants' possession, as alleged, prevented any of the persons mentioned from using the strip as a street, and continued for years while the land in controversy was entirely privately owned, and ripened into a title in fee simple before the public generally, or the public authorities, took steps on which vested public rights could be predicated.

The defendants contend first that the demurrer to the amended complaint should have been sustained because the plaintiff, being an unchartered municipal corporation of the sixth class, had no power to bring the action in its own name and that the action should have been brought in the name of the people of the state of California. We think that respondent had the right to commence the action in its own name, under the provisions of section 850 of the General Laws of the state of California, being Act 2348. Referring to cities of the sixth class, there it is distinctly provided: "Every municipal

corporation of the sixth class may sue and be sued, in all courts and places, and in all proceedings whatever. . . . "

The trial court made a finding that the territory known as Prim Street was in 1872 and is now a public street. This finding, if warranted by the evidence, would make it impossible for the defendants to have obtained title to any portion of said street by adverse possession. No rights can be acquired against the public by adverse possession. (*Hargro* v. *Hodgdon*, 89 Cal. 631, [26 Pac. 1106] ; *Nerio* v. *Maestretti*, 154 Cal. 581, [98 Pac. 860] ; *Archer* v. *Salinas City*, 93 Cal. 43, [16 L. R. A. 145, 28 Pac. 839].)

The appellants contend that the facts before the court were not sufficient upon which to predicate a dedication, and therefore the finding as to Prim Street being a public street was unwarranted. The specific contention is that while it is conceded that there was an offer of dedication of the land in controversy, yet that offer was never accepted by the public until after appellants had acquired title by adverse possession.

In the case of *San Leandro* v. *Le Breton*, 72 Cal. 170, [13 Pac. 405], it was held that where an owner of land files a map thereof, showing it to be divided into streets, alleys, etc., and then sells lots with reference to such map, he thereby makes an irrevocable dedication of the space represented on the map as streets to the use of the public. In such a case, to make the dedication complete, no formal acceptance by the town authorities is necessary. Until such acceptance the owner of the land holds the title to the property dedicated in trust for the public.

To the same effect are the cases of *Archer* v. *Salinas City*, 93 Cal. 43, [16 L. R. A. 145, 28 Pac. 839] ; *Davidow* v. *Griswold*, 23 Cal. App. 188, [137 Pac. 619].

The authorities on this subject are extensively reviewed in the case of *Shearer* v. *City of Reno*, 36 Nev. 443, [136 Pac. 706], in which case the court approved what was said in the case of *Archer* v. *Salinas City, supra*, and announced the law to be in accordance with the above statement in *San Leandro* v. *Le Breton, supra*.

In the face of these authorities, this court is compelled to conclude that the finding of the trial court that Prim Street was and is a public street was warranted under the evidence.

This conclusion also answers the objection of appellants that the amended complaint does not state a cause of action.

We think the other points made by appellants are without merit and that the judgment should be affirmed. It is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.