[Civ. No. 1887.    Third Appellate District.—February 3, 1919.]

## A. MARTIN, Appellant, v. CITY OF STOCKTON et al., Respondents.

DEEDS—CONSTRUCTION OF CONVEYANCE.—In construing a deed to ascertain the interest that was conveyed, the entire instrument must be considered.

ID.—CONDITIONAL FEE—ABSENCE OF RE-ENTRY CLAUSE—REVERSIONARY INTEREST.—That a re-entry clause is not included in a conveyance is immaterial to the upholding of a reversionary interest if the language of the instrument plainly imports that the grant conveys only a conditional fee.

ID.—CONFLICT BETWEEN GRANTING AND HOLDING CLAUSE.—Where there is any conflict between the granting and holding clauses in this particular, the granting clause will prevail.

ID.—CONVEYANCE ON EXPRESS CONDITION—NOT AN EASEMENT.—The estate, created by a conveyance to a city of land within the exterior lines of a channel, subject to the express condition that the city shall use the premises for excavation and as a drain only and for no other purposes, and with a covenant on the part of the city that it will bulkhead the sides of the channel as soon as excavated and maintain such bulkhead at its own expense, is a conditional fee and not an easement.

ID.—REVERSION IN GRANTOR—FORFEITURE FOR BREACH OF CONDITION.— Such a grant leaves a reversionary interest in the grantor, which he may assert in the event of an abandonment of the purposes for which the conveyance was made or of a failure to comply with the

condition and insist upon a forfeiture as fully and completely as though a re-entry clause had been set forth in the conveyance.

ID.—ADVERSE POSSESSION AGAINST REMAINDERMAN.—No adverse possession can be acquired against a remainderman so long as the life tenant or party who holds the conditional fee is in possession or has not been ousted for condition broken.

ID.—ADVERSE POSSESSION OF PROPERTY DEVOTED TO PUBLIC USE.—In this state title to property devoted to a public use cannot be acquired by adverse possession.

QUIETING TITLE — DISCLAIMER BY DEFENDANT — FINDING OR JUDGMENT UNNECESSARY.—Where a defendant in an action to quiet title disclaims any interest as to a portion of the land, no finding or judgment is required as to such portion.

ID.—APPEAL—UNPREJUDICIAL UNCERTAINTY IN JUDGMENT FOR DEFENDANT.—The plaintiff in such a case cannot be heard to complain that the judgment is uncertain as to the reversionary interest determined to be in one of the defendants, as to which the latter has not complained.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter and R. C. Minor for Appellant.

Daniel V. Marceau, City Attorney, O. B. Parkinson and Parkinson & Parkinson for Respondents.

A. H. Ashley, *Amicus Curiae.*

BURNETT, J.—The action was brought to quiet title to a certain parcel of land in the city of Stockton. The defendants answered and filed a cross-complaint, by which it appears that they claim title to a portion of the property, the city claiming a conditional fee, and Kile the reversionary interest, but both disclaiming any interest or claim in or to the residue of the land described in plaintiff's complaint. The court found in accordance with the contention of defendants and cross-complainants, and from the judgment in their favor the appeal has been taken. The trial judge, Honorable J. A. Plummer, gave careful consideration to the questions involved and he filed a written opinion which presents a clear and

comprehensive view of the law of the case, and we adopt it as the opinion of this court, as follows:

"The testimony shows that the premises in controversy are situated within the boundaries or exterior lines of that certain waterway passing through the city of Stockton, known as and called 'Miner's Channel.' On behalf of the plaintiff, it is alleged and shown by the testimony that he and his grantors have, for more than twenty years preceding the commencement of this action, occupied a portion of said lots by building and maintaining on such portion a platform and small building used as a paint-shop, the supports to said platform and building resting upon the real estate above described. But, during said period of time, the structures referred to have not interfered with the uses and purposes to which the city of Stockton has devoted said channel.

"It also appears from the testimony that Miner's Channel, for more than fifty years, has been used as a drain, or waterway, and has been, during that period of time, necessary for the purpose of draining a large portion of the city of Stockton, and obviating the recurrent floods of the winter seasons; that, during said period of time, said Miner's Channel has been and still is devoted to the uses herein set forth; that said channel has been and now is necessary for such purposes and, during all of said period, has been necessary for the conserving of the public health and safety of a large portion of the residents of Stockton.

"It further appears by the testimony that on or about the twentieth day of September, 1879, Joseph Kile, then the owner of the premises involved in this action, executed and delivered to the defendant city a certain grant, bargain, and sale deed, conveying all of the disputed premises to the defendant city, the material portions of which instrument of conveyance are as follows:

" 'Now, therefore, the said party of the first part . . . has granted, bargained and sold, conveyed and confirmed, and (subject to the conditions, limitations and restrictions hereinafter expressed) does hereby grant, bargain and sell, convey and confirm, unto the said party of the second part, and to its successors forever, all those certain portions of lots seven (7), nine (9), eleven (11) and fifteen (15) in block number seventy-four (74), east of Center street, which lie north of the southerly line of Miller's Slough or channel.'

"The said portions of said lots seven (7) and nine (9) are the premises involved herein.   Said deed contains the further provision and condition:

" 'Providing, however, and this conveyance is made and accepted upon this express condition, limitation and restriction, that said party of the second part, and its successors forever, shall use said premises for excavation, and as a waterway and drain only, and for no other purposes whatsoever; and provided further that said party of the second part shall bulkhead the sides of said channel adjacent to the above described premises, as soon as said channel shall be excavated through the same, and shall thereafter maintain said bulkhead at the expense of the party of the second part,' etc.

"The testimony shows that, following the execution and delivery of the deed just set forth, the city proceeded to bulkhead the sides of said channel, and has ever since said date maintained the granted premises as required by said deed of conveyance and used the same in accordance with the conditions and limitations required by said instrument.

"Plaintiff claims title by adverse possession (asserting that he and his grantors have held the premises openly, notoriously and under claim of right and ownership) and that, if he is not entitled to be awarded a full fee in the premises, his claim of title be adjudged valid and be quieted, as against the defendant Kile, as to the fee in said premises; and, as against the city, subject only to the right of the city to use said channel for a waterway or drain (i. e., limiting the right or ownership of the city to an easement only).

"It is also insisted that by reason of the fact that no reentry clause was inserted in said deed from Joseph Kile to the city, that no reversionary interest is now owned or possessed by the defendant Kile, who is the successor to whatever title, if any, belonged to said Joseph Kile after the execution of the instrument of conveyance by Joseph Kile to the defendant city.

"In order to ascertain just what the deed (of Joseph Kile) means, and what interest was conveyed to the city, the entire instrument must be considered.   It is not material that a reentry clause is not included in a conveyance, before the court will uphold the claim of a reversionary interest, if the language of the conveyance plainly imports that the grant conveys only a conditional fee.   Where there is any conflict be-

tween the granting and the holding clauses in this particular, the rules of interpretation require that the granting clauses shall prevail. But, in the instrument under consideration, the granting clause contains (as hereinbefore stated) the following words: 'Subject to the conditions, limitations and restrictions hereinafter expressed.' The limitations and conditions thereafter expressed in the instrument became, by the very words just quoted, as much a part of the granting clause of the deed from Joseph Kile to the city of Stockton as though they were set forth letter by letter in the granting clause. And when we look at the holding clause, we find that the deed specifies and particularizes the purposes for which it is granted, and the conditions and limitations imposed upon the city.

"It is also claimed on the part of the plaintiff that if a reversionary interest exists in the defendant Kile, the city obtained only an easement, and that plaintiff's claim of title by adverse possession should be held good as against the defendant Kile. But this claim is not borne out by the deed under consideration. The granting clause is the same as in any ordinary deed of conveyance, transferring title from Joseph Kile to the city, of the real estate embraced within the description of the premises, as fully and completely as words can accomplish. The condition attached does not change the fee to an easement, but it does vest in the city a conditional fee, which the city and its grantees may hold and enjoy forever, with the right to use the same for the purposes conveyed, and to remove any portion of the earth therein contained, subject only to the limitation as to the place of disposal of the dirt removed. The fact that the conveyance is conditional does not transform the ownership of the city from a fee to an easement. The language of the deed from Joseph Kile to the city is almost identical with that used in the deed the construction of which was involved in the case of *Papst* v. *Hamilton,* 133 Cal. 632, 633; [66 Pac. 10], where it was held that such a deed transferred a conditional estate and left in the grantor a reversionary interest, which interest he might assert in the event of an abandonment of the purposes for which the conveyance was made, or of a failure to comply with the conditions, and insist upon forfeiture as fully and completely as though a re-entry clause had been specifically set forth in the instrument of conveyance. The doctrine of

that case has been reaffirmed in *Fitzgerald* v. *County of Modoc,* 164 Cal. 490, 493, [44 L. R. A. (N. S.) 1229, 129 Pac. 794].

"Irrespective of the conclusion to be arrived at herein as to the respective rights between the plaintiff and the defendant city, it is clear from the foregoing that, following the case of *Pryor* v. *Winter,* 147 Cal. 554, [109 Am. St. Rep. 162, 82 Pac. 202], (see, also, *Potrero Nuevo L. Co.* v. *All Persons,* 29 Cal. App. 743, 754, 755, [156 Pac. 876]), the plaintiff has acquired nothing, either by the act of himself or his grantors, as against defendant Kile. No adverse possession can ever be acquired as against a remainderman, so long as the life tenant or party who holds the conditional fee is in possession or has not been ousted for conditions broken.

"The testimony in this case shows that the compliance by the city of Stockton with the conditions of the deed from Joseph Kile (under which it claims title) has been continuous, consistent, and fully in accordance with the requirements of that deed.

"The second question for determination herein is, Has the plaintiff, by reason of the use of the premises, in the manner set forth, by himself and his grantors for a period exceeding twenty years, acquired any rights therein against the city?

"That Miner Channel, for the purpose of a waterway and a drain, has been for more than fifty years devoted to a public use, and that the use to which it has been devoted is a public use is clearly established by the testimony and the law relating to such projects. (*Billings Sugar Co.* v. *Fish,* 40 Mont. 256, [20 Ann. Cas. 264–272, 26 L. R. A. (N. S.) 973, 106 Pac. 565]; Code Civ. Proc., sec. 1238, subd. 12, etc.)

"In some states, the doctrine is admitted that title to property devoted to a public use may be acquired by adverse possession; but in this state no such principle prevails. Whereever the subject has come before the court for final determination, it has been held and decided that no rights can thus be acquired in and to the public property, or property devoted to a public use, or owned by a municipality for public uses. The mere fact that the municipal officers have been either ignorant of, or indifferent to, the public rights of a municipality, does not enable any trespasser thereon to acquire any ownership therein, or divest the city of one particle of its fee in the estate involved. Nor can the claim of a split or

divided fee in and to the premises involved in this action be admitted. The existence of such a doctrine in this state is denied in *Patton* v. *City of Los Angeles,* 169 Cal. 521, [147 Pac. 141] (which case is cited with approval in *Central Pacific Co.* v. *Droge,* 171 Cal. 32, 40, [151 Pac. 663]). But were such a doctrine a rule of decision in this state, it could not be applied, under the circumstances, to the case at bar. Here, the city has an absolute right to go upon the premises and dig up and remove the soil. This is utterly inconsistent with any rights claimed by the plaintiff to rest any structure thereon, and this court knows of no authority by which anyone can acquire title to real estate by inclosing the air which circulates above it. That is all that plaintiff could or can claim in this action, where the undisputed right of the city to remove everything beneath the air clearly exists. The fact that Miner Channel crosses a large portion of the territory included within the limits of the city of Stockton, and that a number of other persons are claiming rights against the city under similar conditions, has caused the court to give this matter careful and thorough consideration.

"It follows, from what has been said, that the city of Stockton owns a conditional fee in the premises involved herein; that the defendant Kile is the owner of a reversionary interest in the same premises; that no adverse possession has been acquired against his reversionary interest; that, the property being devoted to a public use, no rights as against the city have been or can be acquired by the plaintiff, and that the prayer of the complaint should be denied."

To the authorities cited by Judge Plummer we may add: *Howard* v. *Oroville School District,* 22 Cal. App. 544, [135 Pac. 689], and *Daly City* v. *Holbrook,* 39 Cal. App. 326, [178 Pac. 725].

In considering the foregoing opinion of the trial judge, it must, of course, be understood that his attention was directed to the question of whether title by prescription could be acquired as against the city. He did not have in view the doctrine of estoppel whereby even a municipality is sometimes precluded from claiming title to real property. Such was the case of *City of Los Angeles* v. *Cohn,* 101 Cal. 373, [35 Pac. 1002]. No such claim was made herein nor was there any evidence to support it.

Appellant complains that no judgment was entered in his favor for the portion of the lots which, it was admitted, he owns. Since, however, defendants disclaimed any interest therein and admitted that plaintiff was and is the owner thereof, no finding thereon was required and no judgment was necessary. His action was to quiet his title against the adverse claims of defendants, but the latter having disclaimed any interest whatever as to a portion of the property, the action might have been dismissed as to that. But, at any rate, in view of the whole judgment-roll, there can be no future controversy between the parties to this action as to the questions involved in this litigation.

Appellant, of course, cannot complain that the judgment is not sufficiently certain as to the interest of J. M. Kile. As long as the latter is satisfied with that judgment the former should be contented.

We find no merit in the appeal and the judgment is affirmed.

Buck, P. J., *pro tem.*, and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 3, 1919.

Angellotti, C. J., Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.