[Civ. No. 3819. Third Appellate District.—September 18, 1929.]

BARTHOL MORANDA et al., Appellants, v. CLARENCE WELLS MAPES et al., Respondents.

Berry & Watson and A. H. Carpenter for Appellants.

Woodward, Briggs & Blewett for Respondents.

FINCH, P. J.—This is an appeal by the plaintiffs from a judgment determining the northerly boundary line of land owned by them.

The court found that the plaintiffs' predecessors in interest acquired title through a deed executed October 4, 1873, by John Durham to James Swaltney, which described the land as "lying southeast of the east bank of the Mormon Slough and containing 15.25 acres"; that "the south bank of Mormon Slough (referred to in said deed as southeast bank) as it then existed coincided with the following line," describing the line fixed by the judgment as the plaintiffs' northerly boundary line.

The defendant Mapes claims ownership of lands lying on the northerly side of the plaintiffs' said boundary line, his

predecessors in interest also having acquired title from John Durham. The court found that "neither the plaintiffs nor the defendant Clarence Wells Mapes nor Nannette Bollinger have acquired title by prescription, or otherwise" to the land in dispute, but that "the record title to said tract of land . . . has, at all times herein named and does now vest in Samuel Bollinger. . . . That the defendant Clarence Wells Mapes, for a period of more than five years immediately preceding the commencement of this action, has paid all taxes levied and assessed against" the lands in dispute, "the greater part of which is situated between the banks of Mormon Slough, as said banks now exist."

The decree adjudges "that the defendants should be, and each of them is hereby forever enjoined and debarred from asserting or claiming any right, title, estate, lien or interest in and to" the land found by the court to belong to plaintiffs.

 The complaint alleges that the plaintiffs are the owners of the land described therein, "lying southeast of the southeast bank of Mormon Slough," and sets forth the boundaries thereof by courses and distances, the northerly boundary being given as a meander line along the south bank of Mormon Slough. The answer of defendant Mapes denies the particular description contained in the complaint and alleges, in substance, that the southerly boundary line of his land is the "south bank of Mormon Slough." It thus appears that the only issue for the court to determine was the location of the south bank of Mormon Slough. The valuable part of the land in dispute is referred to as an island, above which Mormon Slough divides into two channels which unite again at the lower end of the island. The northerly channel is now a deep slough, while the southerly channel is shallow. There is a substantial and sharp conflict in the evidence as to which one of these was the original channel. Witnesses for the defendant Mapes testified that at a time thirty years or more before the trial the main slough ran south of the island, and that at that time there was a fence in the approximate location of the plaintiffs' northerly boundary as fixed by the judgment herein. As stated, the deed from Durham to Swaltney described the land thereby conveyed as containing 15.25 acres, while the land adjudged to belong to the plaintiffs contains 15.36

632

acres. The land described in the complaint as belonging to the plaintiffs contains 16.28 acres.

It is clear that the findings of the court, based on the foregoing evidence, is conclusive on this appeal, notwithstanding the testimony of the plaintiffs' witnesses to the contrary.

Appellants contend that the judgment does not quiet their title to the land found by the court to belong to them. The plaintiffs did not pray for a decree directly quieting their title, but for judgment that the claims on the part of the defendants are void, that they have no interest in or claim to the property, and that they be forever enjoined from asserting or claiming any right or interest therein adverse to the plaintiffs. The judgment forever enjoining the defendants from "asserting or claiming any right, title, estate, lien or interest" in or to the land belonging to the plaintiffs in effect quiets the latter's title thereto against the defendants. (*Wolf* v. *Gall*, 174 Cal. 140, 144 [162 Pac. 115].) There was no issue before the trial court as to the plaintiffs' title to such land. The answer admits that the plaintiffs own those parts of the land described in the complaint "lying southeast of the southeast bank of Mormon Slough, as said bank existed on the 4th day of October, 1873." The findings definitely locate such bank as it existed October 4, 1873, and the decree establishes such location as the plaintiffs' northerly boundary line. As said by this court, under somewhat similar circumstances, in *Martin* v. *City of Stockton*, 39 Cal. App. 552, 559 [179 Pac. 894, 897], "in view of the whole judgment-roll, there can be no future controversy between the parties to this action as to the questions involved in this litigation."

It is true, as urged by appellants, that courses, distances and quantity contained in a description of land must yield to monuments. "However, to justify an application of the rule, the monuments must be fixed and certain." (4 Cal. Jur. 399.) If the evidence relating to the location of such monuments is in substantial conflict, as in this case, then courses, distances and quantity become important facts to be considered in deciding such conflict. (*Hostetter* v. *Los Angeles T. Ry. Co.*, 108 Cal. 38, 42 [41 Pac. 330]; *Goss* v. *Golinsky*, 12 Cal. App. 71, 76 [106 Pac. 604].)

Appellants attack the finding that the record title to the land in dispute is vested in Samuel Bollinger, who is

not a party to this action and who, they assert, without citing any evidence to that effect, has been dead for many years. "The plaintiff in an action of this kind must show title in himself. His right to recover must rest on the strength of his own title—not the weakness of defendants'." (*Rockey* v. *Vieux,* 179 Cal. 681, 682 [178 Pac. 712, 713]; *Knoke* v. *Knight,* 206 Cal. 225 [273 Pac. 786].)

 Appellants contend that certain evidence, which they set out in their brief, was "extremely prejudicial." The only part of this evidence to which objection was made was to the effect that, based on "common reputation of the boundary line," the fence hereinbefore referred to was considered the boundary line between the plaintiffs' land and that lying to the north thereof at a time thirty years or more before the trial. All such testimony based on reputation, was subsequently stricken out. The other evidence which appellants contend was prejudicial related to the location of the south bank of Mormon Slough about the year 1890 and was clearly admissible.

The evidence bearing on every material issue is in substantial conflict, but there is no doubt as to its sufficiency to support the findings.

 The plaintiffs made a motion for a new trial, which motion was denied by the court. The affidavits produced in support of the motion contain nothing to warrant a new trial.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 17, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1929.

All the Justices concurred.