[Civ. No. 9955. Second Appellate District, Division Two.—February 26, 1936.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. MARIE FORRESTER et al., Respondents.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Randolph Karr and Bourke Jones, Deputies City Attorney, for Appellant.

Randall & Bartlett and Kenneth W. Kearney for Respondents.

McCOMB, J., *pro tem.*—This is an appeal by plaintiff from an order of the trial court denying a motion after judgment for an order directing issuance of a writ of possession.

March 24, 1914, judgment was entered in favor of plaintiff quieting its title to certain land located in Elysian Park, Los Angeles, California, then occupied by defendants. In 1919, 1920, 1926 and 1927 plaintiff obtained orders directing the issuance of writs of possession. Pursuant to these orders two writs were issued and returned unexecuted and two were never issued.

In 1931 an *ex parte* application for an order directing the issuance of a writ of possession was granted and a writ of possession was issued. March 24, 1932, on motion of the de-

fendants an order was made vacating the *ex parte* order for a writ of possession without prejudice to an application for an order for a writ of possession on notice. April 25, 1934, after notice to defendants a motion for a writ of: possession was heard and denied.

The single question presented for determination is

· *Was it an abuse of discretion for the ·trial court to deny plaintiff's motion for a writ of possession made after the lapse of more than five years from entry of a judgment quieting its title to public park land?*

Defendants urge that the trial court's order should be sustained for the reason that

First: The record before this court is insufficient for a review of the questions presented upon this appeal.

Second: Section 685 of the Code of Civil Procedure vests in the trial court the discretion to deny such a motion when sufficient reasons for the delay in applying for a writ of possession are not set forth in affidavits accompanying the motion.

Third: It would be inequitable for plaintiff to enforce a writ of possession because defendants in reliance on plaintiff's conduct have made improvements upon the property which they occupy.

Fourth: Laches have barred plaintiff's right to a writ of possession.

Fifth: The trial court in denying the motion properly considered the fact that subsequent to the entry of judgment defendants had acquired title to the property.

Sixth: The motion before the trial court was *res judicata,* in view of the order of March 24, 1932, vacating an *ex parte* order directing the issuance of a writ of possession.

█ Defendants' first contention is untenable, since their motion to dismiss this appeal predicated on the same ground was denied by our Supreme Court. (*City of Los Angeles* v. *Forrester,* 4 Cal. (2d) 152 [48 Pac. (2d) 27].)

█ The second proposition is answered by the decisions of our Supreme Court in *Doehla* v. *Phillips,* 151 Cal. 488, 495 [91 Pac. 330], and *Harlan* v. *Harlan,* 154 Cal. 341, 343 [98 Pac. 32], cases holding that, when a judgment has not been enforced, the exercise of sound discretion requires the trial court, notwithstanding a considerable delay on the part of

the plaintiff in making application therefor, to issue a writ of execution pursuant to the terms of section 685 of the Code of Civil Procedure, unless it appears inequitable to enforce the judgment. In the instant case, for reasons hereinafter given, the equities urged by defendants are not available against the state or a subdivision thereof.

The third contention is untenable, in light of the decision in *City of Sacramento* v. *Clunie*, 120 Cal. 29, 30 [52 Pac. 44], holding that adverse possession for forty years and the expenditure of the sum of $20,000 for improvements upon the property claimed by the city did not constitute an equitable estoppel. A similar conclusion was reached in the case of *Taylor* v. *Spear*, 196 Cal. 709, 717 [238 Pac. 1038].

The fourth claim of defendants is contrary to the rule announced in *People* v. *Kerber*, 152 Cal. 731, 733 [93 Pac. 878, 125 Am. St. Rep. 93] , *San Leandro* v. *Le Breton*, 72 Cal. 170, 177 [13 Pac. 405] , and *Martin* v. *City of Stockton*, 39 Cal. App. 552, 557 [179 Pac. 894], which uniformly hold that the rights of a municipality in public land may not be divested by adverse possession or laches.

The fifth proposition is contrary to the decision in *Landregan* v. *Peppin*, 94 Cal. 465, 468 [29 Pac. 771], in which our Supreme Court stated that it was not a sufficient defense to an application for a writ of possession for defendant to show that subsequent to the date of judgment he had acquired title to the property in question.

As to defendants' final contention, the law is well settled in this state that, if a motion is denied without prejudice to its renewal, an objection to a subsequent motion on the ground of *res judicata* may not be properly sustained. (*Bowers* v. *Cherokee Bob*, 46 Cal. 279, 286; *Andersen* v. *Superior Court*, 187 Cal. 95, 102 [200 Pac. 963] ; *Tiffany Productions, Inc.*, v. *Superior Court*, 131 Cal. App. 729 [22 Pac. (2d) 275].)

For the foregoing reasons the order appealed from is reversed. The trial court is directed to grant plaintiff's motion made April 25, 1934, and to order the issuance of a writ of possession accordingly.

It is so ordered.

Crail, P. J., and Wood, J., concurred.