[Civ. No. 13323.  Second Dist., Div. Two.  Nov. 25, 1941.]

MARIE FORRESTER, Appellant, v. CITY OF LOS AN-GELES (a Municipal Corporation), Respondent.

John C. Campbell, Frank L. Simons and E. H. Delory for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Bourke Jones, Deputy City Attorney, for Respondent.

SCOTT (R. H.), J. *pro tem.*—Plaintiff appeals from an adverse judgment in a suit to quiet title.

By her amended complaint plaintiff claims to be the owner of and seeks to quiet title to a triangular piece of property used by defendant city for park purposes as a part of Elysian Park. She describes it as "that portion of the Forrester Tract (as per map recorded in Book 78, at page 30 of Miscellaneous Records of Los Angeles County, California), lying between the northwesterly prolongation of the northeasterly line of Bishop's Road *extending northwesterly from* Savoy Street and the northeasterly line of the lands deeded to Manuel Requena by the City of Los Angeles, a municipal corporation, as per deed recorded in Book 33 at page 146 of Deeds, records of Los Angeles County, California." There had been a prior action brought by this defendant city against this plaintiff and Cal Forrester, her husband. As shown by plaintiff's brief in this case, it appears that the city in 1909 had filed suit against the Forresters to quiet title to land known as the Forrester Tract, and in 1914 the city recovered judgment which became final. That was Los Angeles Superior Court case No. 67601, pursuant to which a writ of assistance was issued (*City of Los Angeles* v. *Forrester*, 12 Cal. App. (2d) 146 [55 Pac. (2d) 277]), and the city was put into possession of the land. Plaintiff bases her claim in this suit on the theory (1) that at the time of the prior suit to quiet title the Forresters had not in fact been the owners of the entire Forrester Tract, but (2) that

a certain triangular piece of that tract, which is the subject of this suit, was then owned not by the Forresters but by the Roman Catholic Bishop, who was not a party to the action in 1909, and the triangular piece was not affected by the judgment in 1914 in that case; (3) that in 1919 the Bishop executed and delivered to this plaintiff a quitclaim deed to the triangular property. This had been part of an old cemetery which in 1857 defendant city had deeded to one Manuel Requena, who in turn deeded it to the Roman Catholic Bishop who was the predecessor in interest of the Bishop from whom plaintiff received the quitclaim deed.

The legal description of the entire Forrester Tract was included in the judgment in 1914. It is apparent from the record that if plaintiff has any right to judgment in this case it is because there was a piece of land embraced within the land described in the 1914 judgment which was part of the Forrester Tract but which neither she nor her husband owned at that time; because if she or her husband owned the entire Forrester Tract at that time they cannot now hope for a favorable judgment.

The piece of land which plaintiff attempts to describe in her complaint is not set out by metes and bounds but is alleged to be ''between the northwesterly prolongation of the northeasterly line of Bishop's Road extending northwesterly from Savoy Street and the northeasterly line of the lands deeded to Manuel Requena by the City of Los Angeles'' as per Book 33, page 146 of Deeds. With the question of whether there is somewhere such a triangular piece of property we are not concerned; nor was the trial court required to determine whether or not the quitclaim deed introduced in evidence in this case might be of value in a suit against some other defendant. The sole question for its determination was whether by reason of some newly acquired right to a portion of the Forrester Tract—a right which she did not have at the time of the judgment in 1914—plaintiff is now entitled to a judgment quieting title to a triangular piece of property *within the Forrester Tract,* as against defendants. The trial court decided against her claim of right and gave judgment for defendants covering exactly the same property as that covered by the judgment in 1914, describing it in precisely the same manner by metes and bounds, so as unmistakably to dispose of any claim plaintiff might have

to any portion of the Forrester Tract by virtue of any alleged rights arising after 1914.

The question presented by this appeal is whether the evidence supports the findings of the trial court adverse to plaintiff. Plaintiff in her brief states that she has referred to only such testimony as she deemed essential to prove her *prima facie* case by a preponderance of the evidence, and has sought to aid our deliberations by attaching to her opening brief a sketch purporting to show her theory of the case, which, however, is not part of the record and was not produced at the trial. We have deemed it requisite to read the entire transcript of the testimony and to examine all the exhibits to determine whether the record discloses any basis of recovery for plaintiff. Two witnesses only were called and testified at length for several days, and numerous maps were introduced into evidence. The witnesses were engineers or surveyors who obviously testified at a disadvantage due to the fact that early maps, upon which plaintiff of necessity was obliged to predicate any recovery, were indefinite as to the location of the old cemetery or the property of Manuel Requena. They could not put their finger on the map and show at this time just where the triangular piece is located which is claimed by plaintiff under the quitclaim deed of 1919. They could produce old maps and make calculations as to the probable or possible location of such a piece of land, but their calculations were based upon assumptions as to courses and streets, and it appears that the various maps were not in agreement on those matters. Plaintiff did not offer proof of a recent survey in support of her case. We therefore conclude that the record is sufficient to support the findings and judgment of the trial court which holds, in effect, that since in 1914 title to the entire Forrester Tract was quieted in the city and against the Forresters, and since plaintiff has not established her claim in this suit, the proper ruling is again to quiet title in the city to precisely the same land as that described in the judgment in 1914.

Judgment affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 21, 1942.