[Civ. No. 2849.   Fourth Dist.   June 23, 1942.]

FELIX R. GARNSEY et al., Respondents, v. ALBERT POSTON et al., Appellants.

George A. Malette for Appellants.

Sloane & Steiner for Respondents.

BARNARD, P. J.—The defendants have appealed from a judgment in an action to quiet title. They own land in the southwest quarter of a certain section 19. The respondents own land in the southeast quarter of that section. Each party holds title under a United States patent based upon an official survey made by one Sanford in 1884. The location of the southwest and southeast corners of this section, as originally fixed, are known and are not questioned. The only matter in dispute at the trial and here is as to the location of a quarter section cornerstone on the south line of section 19, as the same was placed by Sanford in his original survey. Admittedly, this stone is not now in the position where it was placed by Sanford. The respondents contend and the court found that the true location where this stone was placed by Sanford is at a point approximately midway between the southwest corner and the southeast corner of section 19. The appellants contend, on the other hand, that this stone was placed by Sanford at a point about 600 feet east of the point thus fixed by the court.

The appellants contend that a reference to Cottonwood Creek in Sanford's field notes is a reference to a natural monument which prevails over courses and distances therein set forth, and must be taken as conclusively determining the present controversy. This is based upon Sanford's field notes in which he states, in substance, that he started at the southeast corner of section 19 and proceeded west on the line between section 19 and the section to the south of it; that after going 40 chains, which would be 2640 feet, he set a temporary quarter section cornerstone; that he proceeded to the southwest corner of section 19 and then returned along the true line between section 19 and the section to the south of it; that after coming 40.53 chains to the point where he had set the

temporary quarter section corner he "set granite rock 12 x 8 x 7 in mound of stone for ¼ sec. cor. marked ¼ on N. face. Impractical to set stone"; that he then went on to the southeast corner of section 19, which was 80.53 chains from the southwest corner of that section. In that last half mile he mentions Cottonwood Creek which he places at 42.07 chains from the southwest corner of section 19, but he also describes Cottonwood Creek as 37 links wide and about 1400 feet deep. While a creek appears upon the ground in that general location the one that is there in no way answers that description, and the one that is there is not in the position he describes considering the distances he names from known corners. The court found that this quarter section cornerstone was originally placed by Sanford at a point approximately in the middle of the south line of section 19, which corresponds exactly with Sanford's field notes except for the reference therein to Cottonwood Creek, a part of which is obviously incorrect.

The appellants contend, however, that the reference to Cottonwood Creek should govern and that the other courses and distances in the field notes should be disregarded, with the result that the quarter section corner would be placed 1.54 chains (101 feet) westerly from Cottonwood Creek, and with the further result that this would throw the southern end of the middle line of the section 600 feet out of place, giving the east half of the section a very much larger acreage than the west half. The appellants cite *Ferris* v. *Coover,* 10 Cal. 589, as authority for the proposition that natural monuments must control over courses and distances. This is not always true, especially where the reference to a natural monument is incidental, the same is at an intermediate point, and no clear intention appears to make such calls locative. (*Mendenhall* v. *Paris,* 84 Cal. 193 [23 Pac. 1095] ; *Goss* v. *Golinsky,* 12 Cal. App. 71 [106 Pac. 604].) The last named case involved facts almost identical with those now before us. In that case the court said:

"The calls for these natural objects are intermediate and apparently incidental calls, and are not referred to or marked in such manner as to identify them or show that the original surveyor considered that they were controlling. (*Mendenhall* v. *Paris,* 84 Cal. 196 [34 Pac. 1095].) It is clear that confusion would result if we attempt to locate the land from those natural objects, and hence resort must be had to the distances given as controlling. (*Hostetter* v. *Los Angeles T.*

*R. Co.*, 108 Cal. 38 [41 Pac. 330].) Since the marks of the government survey are obliterated and the corner cannot be located by witnesses or by reference to identified monuments, the measurements indicated in the field notes should be followed. (*Stangair* v. *Roads,* 41 Wash. 583 [84 Pac. 405].) The irregular shape of the two sections and the departure from the accepted method of surveying the government land involved in the adoption of appellant's contention should lead to its rejection in the absence of any reliable evidence that such an arbitrary and unusual proceeding was adopted in the original survey.''

In the instant case, however, we have the testimony of one of the two chainmen who assisted Sanford in making this survey on August 13, 1884. He testified that the quarter cornerstone in question was placed at that time at the point which was accepted by the court as the true location of that stone, and that he thereafter saw the stone in that same location on numerous occasions over a period of many years.

It may be further observed that one of the respondents testified that after the dispute as to this boundary arose both parties agreed to employ a surveyor to locate the boundary, the parties to divide the cost, the boundary so found to be accepted by all parties, and the appellants to have the privilege of removing certain improvements from the land if the boundary was not fixed in accordance with their contentions. This was not denied by the appellants and the trial court so found. A surveyor was employed, the expense being divided between the parties, and his finding as to the location of the quarter section corner and of the boundary corresponds with the location of that corner as found by the court.

The evidence sustains the court's finding and the rule contended for by the appellants is not controlling under the circumstances which here appear.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 20, 1942.