[Civ. No. 25073.    Second Dist., Div. Two.    May 19, 1961.]

H. J. WILSON, Appellant, v. CARMEN DICHE, Respondent.

H. J. Wilson, in pro. per., for Appellant.

Louis A. Audet for Respondent.

McMURRAY, J. pro tem.*—Plaintiff, in propria persona, brought suit in ejectment for damages, alleging that he was the owner of certain real property in Los Angeles and that defendant was in unlawful possession of a portion thereof and that he was thus damaged ''in the sum of $1,500 for rents, issues, and profits'' and for exemplary damage in the sum of $5,000.

Defendant answered alleging that she owned the adjacent lot to that plaintiff allegedly owned but that she had no information, knowledge or belief ''sufficient to enable her to answer'' and that she based her denial of plaintiff's ownership on that ground alone. She further denied that she at any time possessed any property other than her own. Upon a hearing overruling a demurrer filed by plaintiff to the answer, it was also determined that defendant would file a disclaimer to the property described in the complaint. The disclaimer was filed thereafter prior to trial.

During trial, when it clearly appeared that a certain fence was on defendant's land, plaintiff was permitted by the court to amend his complaint by reducing the damage claimed from $1,500 to $1.00 and eliminating completely thereupon the

---

*Assigned by Chairman of Judicial Council.

claim for exemplary damages of $5,000. Plaintiff's action was, therefore, aimed at the presence of certain rubbish on his land put there by defendant for a period of about one week.

The court determined (1) that plaintiff owned the real property described in his complaint; (2) that defendant owned the adjoining property; (3) that a wooden fence which paralleled the common boundary was wholly on defendant's property; (4) that defendant at no time had been in possession of plaintiff's property; and (5) that the small amount of rubbish placed by defendant upon the approach to plaintiff's property shortly before December 9, 1958, was removed on December 14, 1958, by defendant, "and that, as to that act, the plaintiff suffered no damage." The court concluded: (1) Defendant did not trespass or claim any interest in plaintiff's property; (2) plaintiff suffered no damage by any act of defendant; and (3) gave defendant judgment and her costs of suit.

Plaintiff's argument seems to be that the issue of ownership was framed by the pleadings (defendant's denial based on information and belief) and thus he was entitled to a judgment quieting title since the court found him to be the owner. With judgment, he argues, he was entitled to costs. Nominal damages, he further contends, follow from the finding that defendant deposited rubbish on plaintiff's property and that defendant was deprived of access, possession and use of the property. He concludes with the contention that, as a matter of law, he was entitled to judgment.

Plaintiff overlooks the disclaimer filed by the defendant. He, on one hand, contends that the disclaimer was improper in an ejectment action and, on the other hand, contends that the pleadings framed an action to quiet title. Insofar as the pleadings framed the issue as quiet title, the disclaimer was entirely proper (41 Cal.Jur.2d, Quiet Title, §§ 59, 90; *cf. Tesseyman* v. *Jovick,* 130 Cal.App.2d 384, 388 [278 P.2d 921]) and the suit either should have been dismissed (*Martin* v. *City of Stockton,* 39 Cal.App. 552, 559 [179 P. 894]; *Moranda* v. *Mapes,* 100 Cal.App. 629, 632 [280 P. 713]) or, at best, should have proceeded on the original ejectment theory. Certainly, title was no longer in issue.

Assuming, then, that the trial proceeded on the theory of ejectment, that is, seizin, entry and ouster, the plaintiff failed to prove the elements of ejectment in that he showed only a temporary trespass by the defendant. The evidence received on the issue of trespass was proper, not to establish a trespass cause of action, but rather for the limited purpose

of determining whether or not the trespass was of such a continuing nature as would establish an ouster by the defendant and enable the plaintiff to prove the elements for his ejectment action. ■ Clearly, possession and ouster by a defendant cannot be inferred simply from the fact that he committed a single trespass (*Frazier* v. *Lynch,* 97 Cal. 370, 372 [32 P. 319] ; 17 Cal.Jur.2d, Ejectment, § 19), though a continuing trespass might be construed as possession.

■ Here, the court determined that the defendant's single and limited occupation of the plaintiff's land was not the type of trespass that could support an action for ejectment. Since the pleadings were expressly limited to ejectment by the filing of the disclaimer, and since the amended complaint asked only ''for damages in the sum of $1.00 for rents, issues, and profits of said real property,'' there was no issue as to damages for *trespass,* because trespass *per se* was never part of the action before the trial court. Even in view of the liberal allowance of amendment to conform to proof, there was no attempt to amend the pleadings here to state a cause of action for trespass, or to include a prayer to quiet title.

The trial court properly found for the defendant on the ejectment issue. The award of costs to the prevailing party was proper. (Code Civ. Proc., § 1032, subd. (b).)

The judgment for the defendant, and the order denying plaintiff's motion to set aside that judgment and enter a new and different judgment (Code Civ. Proc., § 663) are affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied June 13, 1961, and appellant's petition for a hearing by the Supreme Court was denied July 12, 1961.