Filed 7/26/22  T.D. v. C.F. CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA


| | |
|---|---|
| T.D.,<br><br>    Respondent,<br><br>    v.<br><br>C.F.,<br><br>    Appellant. | D079554<br><br><br>(Super. Ct. No. 18FL001514N) |


APPEAL from an order of the Superior Court of San Diego County, William Y. Wood, Judge.  Reversed.

A. Stephen Rocha for Appellant.

No appearance for Respondent.


C.F. (Father) appeals the order denying his second request to change the surname of his minor child (Minor) from that of Minor's mother, T.D. (Mother), to that of Father.  The family court denied the second request on the ground the denial of the first one was res judicata.  We reverse.

BACKGROUND

Father and Mother were not married when Minor was born in November 2014 and given Mother's surname. Mother filed a proceeding under the Uniform Parentage Act (UPA; Fam. Code, § 7600 et seq.) to establish Father's paternity. A judgment was entered in November 2016 establishing paternity and granting custody to Mother and visitation to Father.

In March 2018, Father filed a request for an order modifying custody and visitation and changing Minor's surname to Father's. Father was then living in North Carolina and Mother in California. Father requested joint legal custody and more visitation, including overnight visits and visits outside California, so that Minor could spend more time with Father and his extended family. He requested the name change to strengthen his relationship with Minor. Mother opposed the requested modifications to custody and visitation and the requested name change. The family court (Hon. Kelly C. Mok) granted Father increased visitation, but denied his requests for joint legal custody and name change. As to the request to change Minor's surname, the court minutes state: "The Court denies the request for a name change at this time. This Court is looking for consistent contact and involvement with the child. [Father] may file a motion once he can show the Court that he is doing this."

In June 2019, Father filed a second request for an order modifying custody and visitation and changing Minor's surname to Father's. Father was still living in North Carolina but had begun working for a major airline and therefore could and did fly to California to visit Minor more frequently. He again requested joint legal custody, increased visitation, and the name change. Mother opposed any change in legal custody, agreed to increased

2

visitation in California, but opposed the name change.  After several review hearings and continuances, the matter was finally heard in May 2021.  During the hearing, the family court (Hon. William Y. Wood) noted that Father had "very persistently" and "very appropriately" exercised his visitation rights "as he [was] able to do so" and that the visits were "going very well."  The court stated its tentative decision on the name-change request was to change Minor's surname to a hyphenated form of Mother's and Father's surnames.  In response, Mother's counsel advised the court that Judge Mok had previously denied Father's request to change Minor's surname.  The court expressed its unawareness of that denial, took a brief recess, heard argument from Father's counsel, and then ruled that Judge Mok's denial was res judicata.  In its findings and order after hearing, the family court granted Father's requests for joint legal custody and increased visitation, but denied his request to change the Minor's surname "based on res judicata."

## DISCUSSION

Father complains the family court abused its discretion by denying his second request to change Minor's surname and asks us to reverse the denial order and to remand for further proceedings.  He argues res judicata did not bar the second request, and circumstances had so changed since the denial of the first request that the name change was in Minor's best interest.  We agree res judicata did not bar the second request and therefore reverse and remand for the family court to consider the request on the merits.

A family court may change the name of a minor child upon request of a parent in a proceeding under the UPA.  (Fam. Code, § 7638; Code Civ. Proc., §§ 1277, subd. (e), 1278, subd. (c).)  "[A]s in parental custody disputes, the sole consideration when parents contest a surname should be the child's best

3

interest." (*In re Marriage of Schiffman* (1980) 28 Cal.3d 640, 647 (plur. opn. of Newman, J.); see *id.* at p. 651 (conc. opn. of Bird, C. J.) [agreeing with best-interest-of-child rule]; see also Fam. Code, § 7637 [order in UPA proceeding may concern "any other matter in the best interest of the child"].)  Factors to be considered in determining whether a name change is in the child's best interest include:  (1) the age of the child; (2) the length of time the child has used a surname; (3) the effect of a name change on preservation of the father-child relationship; (4) the strength of the mother-child relationship; (5) identification of the child as part of a family unit; and (6) the embarrassment or discomfort a child may feel by having a surname different from that of the rest of the family.  (*Schiffman*, at p. 647; *In re Marriage of McManamy & Templeton* (1993) 14 Cal.App.4th 607, 609-610.)  Just as a family court has broad discretion in deciding what custody and visitation plan is in the child's best interest, so it has broad discretion in deciding whether a name change is in the child's best interest.  (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 34; *Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1162; *In re Marriage of Birdsall* (1988) 197 Cal.App.3d 1024, 1028; see *Lee v. Superior Court* (1992) 9 Cal.App.4th 510, 514 ["the trial court is vested with discretionary power to grant or deny a request for a name change"]; *In re Ritchie* (1984) 159 Cal.App.3d 1070, 1072 [same].)

The family court's discretionary decision to deny Father's first request to change Minor's surname did not preclude his second request under the doctrine of res judicata.  In denying the first request, the court (Judge Mok) implicitly found the name change was not then in Minor's best interest because Father had little involvement in Minor's life up to that time.  The court, however, invited Father to file a new request once he could demonstrate "consistent contact and involvement with the child."  A court

may deny a motion[1] with leave for renewal when the moving party can correct the deficiency that led to the denial, and when the court does so the denial is without prejudice. (*Farber v. Bay View Terrace Homeowners Assn.* (2006) 141 Cal.App.4th 1007, 1015; *Clausing v. San Francisco Unified School Dist.* (1990) 221 Cal.App.3d 1224, 1232.) The denial of a motion without prejudice presents no res judicata bar to a subsequent motion for the same relief. (*In re Marriage of Modnick* (1983) 33 Cal.3d 897, 904, fn. 6; *Williams v. City of Oakland* (1973) 30 Cal.App.3d 64, 69; *City of Los Angeles v. Forrester* (1936) 12 Cal.App.2d 146, 149.) In addition, the family court "has continuing jurisdiction to modify or set aside a judgment or order made under [the UPA]" (Fam. Code, § 7642), and res judicata does not prevent the court from doing so when it finds circumstances have so changed that the prior judgment or order should not stand (*In re J.P.* (2020) 55 Cal.App.5th 229, 242-243; see *Miller v. Miller* (1943) 57 Cal.App.2d 354, 360-361 [order setting alimony made without prejudice to renewal of motion for modification was not res judicata and allowed court to modify order upon change of circumstances]). Hence, the family court (Judge Wood) erred by relying on res judicata to deny Father's second request to change Minor's surname.

The family court's erroneous conclusion it was barred from considering the second name-change request prevented the court from exercising its broad discretion on the request. (See *Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, 474 [" '[A] court that is unaware of its discretionary authority cannot exercise its informed discretion.' "].) Although the record strongly suggests the court would have changed Minor's surname to a hyphenated form of the

---

1    In family law proceedings, "[t]he term 'request for order' has the same meaning as the terms 'motion' or 'notice of motion' when they are used in the Code of Civil Procedure." (Cal. Rules of Court, rule 5.92(a)(1)(A).)

parents' surnames had the court known it was within its discretion to do so, we decline to direct the court to order the change for two reasons. First, Father has not asked for that relief. Second, the family court denied the request more than a year ago, and circumstances bearing on whether the name change is in Minor's best interest may have changed since then. It is thus appropriate for the court to conduct further proceedings to decide whether, based on the relevant factors identified above, a change in surname is now in the best interest of Minor. (See *id.* at pp. 476, 478 [reversing and remanding for further proceedings when there was reasonable possibility of more favorable result to appellant in absence of trial court's failure to exercise discretion].)

## DISPOSITION

The order denying Father's second request to change Minor's surname is reversed, and the matter is remanded to the family court for further proceedings consistent with this opinion.


IRION, Acting P. J.

WE CONCUR:


DO, J.


BUCHANAN, J.

6